# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of<br><br>KELLY S. MORRIS, AKA KELLY KUNIYUKI-HIRAHARA REYES,<br><br>           Respondent,<br><br>           v.<br><br>GREGORY CHARLES MORRIS,<br><br>           Appellant. | No. 69430-8-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION<br><br><br><br><br>FILED: September 23, 2013 |

APPELWICK, J. — When postsecondary educational support has been reserved in a child support order, it is properly requested in a petition for modification without the necessity to show a substantial change in circumstances has occurred. The day before child support was to terminate, Reyes filed a motion for adjustment to establish previously reserved postsecondary support for the older of two daughters. However, but for the choice of form, the proceeding below was the procedural and substantive equivalent of a modification proceeding. Therefore, the superior court did not lack authority to order postsecondary support and did not abuse its discretion in doing so. Because the factual record is not in dispute, the lack of findings of fact does not require remand. We affirm.

FACTS

Kelly Reyes and Gregory Morris dissolved their marriage in December 1996. Their two daughters, born December 4, 1993 and April 21, 1995, resided a majority of the time with their mother. Morris was ordered to pay child support.

The child support order was modified in November 2001 and August 2008. The original order and the 2001 modification are not in the record. Paragraph 3.13 of the 2008 order provides, "Support shall be paid . . . until the children reach the age of 18 or as long as the children remain enrolled in high school, whichever occurs last, except as otherwise provided below in Paragraph 3.14." Paragraph 3.14 expressly reserves the right to petition for postsecondary educational support:

> The right to petition for post secondary support is reserved, provided that the right is exercised before support terminates as set forth in Paragraph 3.13.

The oldest daughter turned 18 in December 2011, and graduated from high school on June 9, 2012. The day before graduation, Reyes filed a motion for adjustment of child support. In addition to requesting a periodic adjustment of support for the younger daughter, she requested postsecondary educational support for both children.

In a declaration filed in support of her motion, Reyes explained that the older daughter was an "A" student and had been accepted to the University of Washington. She included a copy of the daughter's transcript and admission letter. Reyes also explained the necessary support. She detailed the cost of tuition, the possibility of a tuition increase, and that the daughter applied for, but did not receive, several scholarships. Reyes stated that the daughter had about $12,000 in her bank account

2

that she received from her great grandfather, and that she worked part-time at Taco Time earning minimum wage. Reyes further explained that Morris knew the daughter had been accepted and was pleased, but had not offered financial support and did not respond to a text message asking if he was going to help. Reyes proposed that they evenly split the cost of education, including tuition and fees, room and board, books and supplies, transportation, and any uncovered medical expenses. The girls would pay their own personal expenses.

In a response declaration, Morris requested a deviation in support for the younger daughter based on another child he had with his new wife. He argued that the postsecondary educational support request was too large and that it was unreasonable to expect him to pay more than his child support obligation would be if both children were still minors. He stated that he would have owed only $550 per month for each child under the standard calculation, and Kelly had requested over $1,300 a month for each child once they were both in college. He claimed it was in the girls' best interest for him and Reyes not to pay for all of the girls' college expenses:

> I believe our daughters should have a personal investment in their college education by working, as well as seeking grants, scholarships, and loans, as other young adults would have to do. I believe they would derive far more benefit and satisfaction from their college education and appreciate its value if they have this type of investment in its cost.

Morris also filed a memorandum of points and authority, in which he argued that the court did not have jurisdiction to set postsecondary support for the older daughter, because Reyes erroneously filed a motion for adjustment instead of a petition for modification. He claimed that it was too late to remedy the mistake, because the older daughter had already turned 18 and graduated from high school. He asserted that he

intended to support the older daughter, but did not believe the court had authority to order him to do so:

> [Morris] does want to affirmatively state that he intends to assist her. He values education and is proud of his daughter and her academic achievements thus far. [Morris] intends to continue supporting his daughter, but without the court's involvement, like the vast majority of parents who support their children in college.

He made no argument as to postsecondary support for the younger daughter.

In reply, Reyes argued that a petition establishing a substantial change in circumstances would have been appropriate only if there was no previous request or a previous request had been denied. She relied on the mandatory modification forms for her argument. The mandatory form for a motion for adjustment contemplates that it can be used when the right to request postsecondary educational support is reserved, while the form for a petition for modification does not. Reyes also argued that when their spouses' salaries were removed, their salaries were comparable and that it was irrelevant what his obligations would have been if both children were still minors.

The commissioner granted the request for a periodic adjustment, and awarded postsecondary educational support for the younger daughter. But, she determined that the court did not have jurisdiction to order postsecondary educational support for the older daughter because the request was made as a motion instead of a petition.

Reyes filed a motion for revision, asserting that the commissioner erred in finding that the court lacked jurisdiction. The trial court held a hearing after reviewing the parties' declarations and financial documents, and listening to the audio recording the hearing before the commissioner.

At the hearing, the trial court noted that the issue presented was whether the commissioner erred in concluding that the court lacked jurisdiction. The parties argued about whether there was any significant difference in procedure between a petition for modification and a motion for adjustment. Morris argued that a petition is more like an original action than a motion because there is a trial by affidavit, documents are submitted, there is more argument, and discovery is allowed. He argued that, in contrast, an adjustment merely conforms the existing provisions of a child support order to the parents' current circumstances. Reyes argued that the pleadings are virtually identical, the financial documents submitted are virtually identical, and the requirements for service are the same. Thus, she claimed that denying her request would be elevating form over substance.

The trial court ruled that the commissioner should have considered Reyes's request:

> I think that the fine distinction between a motion and a petition is over-thinking [the] problem. . . .
>
> . . . [T]he broad principles are that the court sits in family law matters as a court of equity and with broad statutory and constitutional powers. And I think this defense, while it's creative, is really in the nature of kind of [a] gotcha sort of a defense. . . .
>
> . . . [G]iven the broad grant of equitable powers in family law matters in the absence of any on point case law that affirms [Morris's] theory, I am going to grant the motion for revision. Postsecondary support for the older child should have been considered.

The court went on to grant the request for support:

> I don't know whether - - since there's no dispute over the numbers, whether the parties need more time. Because part of the argument was, well, you know, it's a shorter time frame, or whatever. But it doesn't sound like there was really any argument over it. So, you know, I'm willing to entertain a motion to continue actually setting the thing if you want to do

that. But otherwise, it strike[s] me that the tuition assistance should be set at - - well, not just the tuition, but general educational expense support from the father should be set at his proportionate share under the same schedule as for the younger child. Unless there's something else that the Court needs to consider in actually setting the postsecondary support as opposed to making a determination that it's appropriate.

And it clearly is appropriate. It's clear to me that [the] Commissioner . . . felt it was appropriate as well. And she's a great student and she's doing well and so on. She just -- she, the commissioner, just reached the conclusion that jurisdiction had gone away.

Morris appeals.

## DISCUSSION

Morris claims that Reyes erred by filing a motion for adjustment instead of a petition for modification, that her error deprived the superior court of authority to award the support, and that reversal is the only appropriate remedy. He also argues that the superior court erred by not entering findings of fact and that he does not have the ability to pay.

## I.   Support for the Younger Daughter

Although Morris challenges the award as to both children, he did not ask the commissioner to deny postsecondary support for the younger child. In fact, he made a self-described "strategic decision" not to challenge the award as to the younger daughter, because Reyes could have simply filed a timely petition for modification. Consequently, the commissioner granted the requested postsecondary support for the younger child. In response to Reyes's motion for revision, Morris requested that the commissioner's ruling, which included postsecondary support for the younger daughter, "be upheld and not revised in any way." The invited error doctrine prohibits a party from setting up an error below and then complaining of it on appeal. Nania v. Pac. Nw. Bell

Tel. Co., 60 Wn. App. 706, 709, 806 P.2d 787 (1991). Morris made a strategic decision not to challenge the request as to the younger daughter, and he explicitly asked the superior court to affirm the ruling. He has not offered any explanation of why he is entitled to now challenge that award.

And, Reyes agreed to the deviation in the basic support for the younger daughter. She does not cross appeal. Neither the downward deviation nor the award of postsecondary support for the younger child is before us.

## II. Proper Procedure is Petition to Modify

RCW 26.09.170 explains how and when a child support order can be modified. It contemplates only two methods of altering an existing order: a petition for modification or a motion for adjustment. Id. A petition is "significant in nature and anticipates making substantial changes and/or additions to the original order of support." In re Marriage of Scanlon, 109 Wn. App. 167, 173, 34 P.3d 877 (2001). The action begins by filing a petition, along with financial worksheets, and serving the other party. RCW 26.09.175(1), (2). Once the other party responds, any party may schedule the matter for hearing. RCW 26.09.175(5). Unless otherwise requested, the petition is heard on affidavits, the petition, the answer, and the financial worksheets only. RCW 26.09.175(6). In contrast, an adjustment under RCW 26.09.170(7) is a streamlined process that is commenced by filing a motion for a hearing and is used to conform the existing provisions of a child support order to the parties' current circumstances. Scanlon, 109 Wn. App. at 173.

Generally, a child support order can be altered only following a petition for modification and upon a showing of a substantial change of circumstances. RCW

7

26.09.170(1). However, the statute also provides specifically enumerated exceptions. For instance, a parent can request a modification without showing a substantial change in circumstances when there are changes in income or when a child is no longer in an age category on which the current support is based. RCW 26.09.170(6). Likewise, either parent can file a motion for adjustment, without a showing of substantial change of circumstances, when two years have passed since entry of the last adjustment or modification and the parents' income has changed. RCW 26.09.170(7). A request for postsecondary educational support is not among the enumerated exceptions which can be accomplished by a motion for adjustment. A petition for modification is required. The 2008 order itself recognizes this fact, by reserving "[t]he right to petition for post secondary support." (Emphasis added.)

Reyes argues it was not necessary to establish a substantial change in circumstances in this case. We agree. The decree did not order or deny postsecondary support. It reserved the initial decision on that issue to a later date, if and when a petition to address it was filed. Under these circumstances, when the petition is filed, the superior court should consider the issue as it would have in the initial proceeding. The substantial change in circumstances requirement limits modification of an existing order only to issues that were not contemplated at the time the original order was entered. Scanlon, 109 Wn. App. 173. If the substantial change in circumstances requirement was applied, it would never be possible to say that postsecondary support was not contemplated when the order expressly reserved "[t]he right to petition for post secondary support."

When postsecondary support has been reserved, the issue should be raised by a petition for modification. The decision should be made as if it were being decided in an initial dissolution proceeding. No substantial change of circumstances threshold applies.

### III. Use of the Motion Pleading was Harmless Error

The superior court commissioner determined that she did not have jurisdiction to order postsecondary support, because Reyes failed to file a petition for modification rather than a motion for adjustment. On revision, the trial court disagreed that the court lacked jurisdiction. Morris argues on appeal that the superior court lacked authority under the statute and that the only remedy for Reyes's mistake is reversal. Reyes argues she relied on the mandatory forms and that Morris was not prejudiced by the error.

Although Morris steadfastly asserts the general differences between petitions for modification and motions for adjustment, he does not identify what specific procedures he was deprived of or how he was harmed by any procedural deficiencies. It is undisputed that he had actual notice of the motion. Though the motion procedure generally requires less advance notice than the petition procedure, the superior court offered to give Morris more time to respond. He declined to request more time. A petition is heard on the petition itself, the answer, affidavits, and financial worksheets. RCW 26.09.175(6). Morris submitted financial documents, a declaration, and a memorandum of points and authority. Morris has not argued that he was denied a necessary opportunity for discovery or that he would have submitted any evidence concerning his ability to pay in a petition proceeding that he was unable to submit in this

proceeding. A petition normally results in a trial by affidavit, while a motion generally results in a hearing without live testimony. Id.; CR 43(e)(1). Here, the trial court held a hearing with oral argument on the motion for revision based on the parties' declarations, financial documents, and legal arguments. Morris does not articulate any additional substantive argument he would have made had he been afforded greater procedural safeguards. In short, he has not established any specific procedural deficiencies nor any prejudice.

Morris claims that the harmless error doctrine does not apply where a statute provides that the court "shall" do something. However, he cites no authority supporting that theory. Further, "[i]t is well established that errors in civil cases are rarely grounds for relief without a showing of prejudice to the losing party." Saleemi v. Doctor's Assocs., Inc., 176 Wn.2d 368, 380, 292 P.3d 108 (2013).

Moreover, the court has broad equitable powers in family law matters. See, e.g., Pippins v. Jankelson, 110 Wn.2d 475, 478, 754 P.2d 105 (1988). The practical consequence of Morris's argument would be to foreclose Reyes from seeking postsecondary educational support for their oldest daughter because she is older than 18, has graduated from high school, and support has terminated. The trial court characterized Morris's argument as a "gotcha" defense. He did not dispute that his daughter was an excellent student or that she should attend the University of Washington. He disputed whether the court should be able to order him to pay for part of her postsecondary education when Reyes filed the incorrect pleading. Morris did not challenge the award of identical postsecondary support to the younger daughter. Reversal would treat the daughters differently, which Morris indicated he did not intend

to do. Both parents earn over $100,000 a year. Morris has not identified any prejudice that came as a result of the mistake in choice of forms. And, Reyes's failure to file a petition for modification was based on legitimate confusion. A parent requesting an alteration to an existing child support order must use mandatory forms approved by the administrator for the courts. RCW 26.09.006. The mandatory form for a petition for modification does not contemplate raising a reserved right to petition for postsecondary support. The equities strongly favor affirming the trial court's disregard of the erroneous choice of forms and its recognition and treatment of this case as a modification. The filing of the motion for adjustment was harmless error.

IV.    Abuse of Discretion: Whether to Order Postsecondary Support

When considering a request for postsecondary educational support, RCW 26.19.090(2) directs the superior court to determine whether child is in fact dependent and relying upon the parents for the reasonable necessities of life. The superior court may then exercise its discretion in determining whether and for how long to award support. Id. It is directed to consider factors including, but not limited to:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources. Also to be considered are the amount and type of support that the child would have been afforded if the parents had stayed together.

Id. We review the decision for an abuse of discretion. In re Marriage of Shellenberger, 80 Wn. App. 71, 83, 906 P.2d 968 (1995).

The question on revision was whether the trial court had authority to order postsecondary support. Once that issue was resolved, the parties were not disputing

11

whether RCW 26.09.090 considerations were satisfied for purposes of deciding if support should be ordered. Morris told the superior court that he valued education and intended to provide financial support to his daughter while she was in college. The issue contested was the amount of support.

At the revision hearing, Morris made a general argument that the amount ordered was too large, that he "doesn't have a way to make it work," and that it was unreasonable to order him to pay more than he would have had to pay if both children were still minors. He asked for a dollar limit on the parents' support and proposed limiting his responsibility to $1,300 per month, the amount of basic support he would be required to pay under the economic table for two children.[1] When the trial court asked whether the two girls should be treated differently, he responded, "I'm not suggesting it should be different."[2] Morris expressed concern that tuition and other costs would escalate over time and sought a dollar cap on the general obligation. The trial court declined and said that tuition would be the cap and that future increases could be addressed by motion or modification.

---

[1] Postsecondary support may, but need not be, based on the economic table. RCW 26.19.090(1) states, "The child support schedule shall be advisory and not mandatory for postsecondary educational support." The term, "child support schedule" refers to the economic table in RCW 26.19.020. In re Marriage of Daubert, 124 Wn. App. 483, 505, 99 P.3d 401 (2004), abrogated on other grounds by In re Marriage of McCausland, 159 Wn.2d 607, 152 P.3d 1013 (2007). The specific exclusion of the economic table in RCW 26.19.020 suggests that the rest of chapter 26.19 RCW applies. Failure to base postsecondary support on this nonmandatory calculation is not an abuse of discretion.

[2] The unchallenged provision for postsecondary support for the younger daughter provided for the costs of tuition, room and board, and books. It also made her responsible for her own personal expenses, from funds set aside from the children's great-grandfather and from part-time employment. The trial court applied the same language to postsecondary support for the older daughter.

Though the trial court discussed the factors to be considered, it made no express findings under RCW 26.09.090. Morris argues this was error that requires reversal. His argument relies on In re Marriage of McCausland, 159 Wn.2d 607, 620, 152 P.3d 1013 (2007). In that case the Supreme Court explained that even where cursory findings and the record may justify the lower court's actions, "only the entry of written findings of fact demonstrate that the trial court properly exercised its discretion in making the award." Id. (emphasis omitted). But, that case addressed RCW 26.19.020, which expressly states that the trial court "may exceed the [economic table] upon written findings of fact." There is no such requirement for written findings in RCW 26.19.090. Rather, it requires that the court "determine" whether the child is dependent upon the parents and exercise its discretion "upon consideration" of relevant factors. Id. Generally, when specific findings are not required by the statute we review the record to determine whether the court engaged in the appropriate analysis. See, e.g., In re Marriage of Kelly, 85 Wn. App. 785, 793, 934 P.2d 1218 (1997). We "presume that the court considered all evidence before it in" reaching its decision. Id. The record shows the only consideration challenged was Morris's ability to pay the amount ordered. The other factors were undisputed.

Morris maintains that specific findings are required concerning his ability to pay under State ex rel. J.V.G. v. Van Guilder, 137 Wn. App. 417, 429-30, 154 P.3d 243 (2007). There we concluded:

> Requiring the trial court to make findings about a parent's ability to pay for extraordinary expenses whenever the objecting parent raises the issue is consistent with the legislative intent of the child support statutes that support orders be "adequate to meet a child's basic needs" and that

13

additional support be ordered only when it is "commensurate with the parents' income, resources, and standard of living." Id (quoting RCW 26.19.001). But, that case addressed RCW 26.19.080(3) and contemplated an award of private school tuition for a minor child, not an award of postsecondary educational support for a child of majority pursuant to RCW 26.19.090. Id. at 427-28.

Morris further relies on Shellenberger, which did concern RCW 26.19.090. 80 Wn. App. at 83-84. But, Shellenberger is distinguishable for a different reason. The trial court there made findings of fact and conclusions of law. Id. at 78-79. In doing so, it ordered the father to make postsecondary educational support payments that, "when combined with his debt service and living expenses, exceed his income, even the net income amount imputed by the trial court." Id. at 83. In that context, we noted that a "postsecondary education support obligation that would force the obligor parent into bankruptcy, or force that parent to liquidate the family home because he or she cannot make both the support payment and the mortgage payment will, in most cases we can presently envision, amount to a patent abuse of discretion." Id. at 84. We determined that the trial court's conclusions of law were not supported by the findings of fact and remanded for a new trial. Id. at 74. We directed the trial court to make specific findings of fact on remand as to a parent's ability to pay while still meeting his own reasonable needs and obligations. Id. at 84. Unlike the decision in this case, the order in Shellenberger appeared on its face to be an abuse of discretion.

There is no need to remand for specific findings in this case. The record is clear that Morris did not dispute the appropriateness of postsecondary support under the statutory factors. Findings as to those factors are not required. The contested factual

issue was the amount of support. The factual record on that issue is not in dispute. Morris filed financial declarations establishing his income and expenses. Reyes did not challenge them. We treat them as verities on appeal. The amount of support ordered is not disputed. Calculation of Morris's ability to pay is a matter of simple math.

Morris's gross income is $10,446 per month, and his net income is $7,668. He claims $6,068[3] in monthly household expenses and $509 in monthly debt service. Morris's argues that the award leaves him in a deficiency each month and places his family in the position of going bankrupt or taking on further debt. He also argues that his wife's income cannot be used in evaluating his ability to pay.[4] Consideration of a new spouse's income is expressly permitted when the parent who is married to the new spouse asks for a deviation from the standard calculation based upon consideration of other children from other relationships. RCW 26.19.075(2). Morris seeks a cap on his postsecondary obligation here based on his need to support his child from his current marriage. We see no reason the trial court should not consider the income of his spouse when all of the expenses of the household are being considered. His wife's monthly income is stated at $850 per month.

---

[3] Morris's itemized expenses include all household expenses for him, his wife, and his child, and reflect a high standard of living. Those expenses include $161 for telephones, $144 for cable, $180 for cleaners, $200 for clothing, $180 for hair care and other personal care, $166 for gifts, and over $1,250 for transportation.

[4] We note that these are not arguments he made below. Rather, he made general arguments that it is not "reasonable for my post secondary obligation to be almost double what the child support obligation would be," that the request is "unreasonable given my actual income," and that "[i]t would create a financial hardship." He did not attach any specific numbers, instead relying on a general assertion, without authority, that his postsecondary support should be commensurate with his child support obligation under the economic table.

15

Morris's net monthly cash flow, accounting for $7,668 in net income less $6,577 in expenses and debt service, is $1,091. Adding his wife's net income, the total available is $1941 per month. The initial support for the two children was set at $1586, leaving a net of $355. The postsecondary support for both daughters was initially $1840,[5] which would leave a net of $101 per month. They do not establish a monthly cash flow deficit, let alone that the order places his family in the position of going bankrupt or taking on further debt.

Further, the statutory upper limit on child support is 45 percent of a parent's net income, absent a showing of good cause. RCW 26.19.065. While the younger daughter was still a minor and in high school, her support was set at $665 per month, and he contends support for the older daughter was approximately $920 per month. The combined support of $1586 is under 21 percent of his net income. When both daughters are in college, based on the costs at the time of the order, the combined support would be $1840 per month, which is under 24 percent of his net income. The ordered support was well under the statutory cap.

Taking all of Morris's expenses as legitimate and reasonable, he still had the ability to pay the support ordered. He has not established an abuse of discretion.

---

[5] In his reply brief, Morris cites the University of Washington's current website and changes this number to $2,297 per month. Our inquiry concerns the validity of the superior court's order on the record before it. Any subsequent changes in costs or the parties' circumstances are an issue for a new proceeding. RCW 26.09.170(5)(a) permits modification at any time upon a showing of a substantial change of circumstances; RCW 26.09.170(6)(a) permits modification based on severe economic hardship without showing a substantial change in circumstances if the order has been in place for at least a year; and RCW 26.09.170(7)(a) permits a motion to adjust based upon the parents' income without a substantial change in circumstances if the order has been in place for two years.

## V.    Attorney Fees

Reyes requests attorney fees pursuant to RAP 18.1 and RCW 26.09.140. Although we affirm the trial court's ruling, Reyes's mistake below was an impetus for this appeal.  We decline to award attorney fees on appeal.

We affirm.

Appelwick, J

WE CONCUR:

Schindler, J                    Cox, J.