

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 75958-2-I |
| KATHY L. GOODWIN, | ) | |
| | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| KEVIN M. GOODWIN, | ) | |
| | ) | FILED: January 16, 2018 |
| Appellant. | ) | |

TRICKEY, A.C.J. — Kevin Goodwin and Kathy Goodwin engaged in a series of hearings to determine postsecondary educational support for their daughter K.[1] The trial court clarified the support obligations during a motion for revision of a commissioner's order. Kevin argues that the trial court deprived him of necessary process and failed to consider the best interests of K when it set the postsecondary support obligations during the revision hearing. Because Kevin had adequate opportunity to request additional process, and the trial court considered the best interests of K, we affirm.

## FACTS

In 2006, Kevin and Kathy dissolved their nine-year marriage. Their daughter K was 8 years old. They agreed in the original child support order that

---

[1] For clarity, this opinion will refer to the parties by their given names, Kevin and Kathy, and to their daughter as K. No disrespect toward the parties is intended.

Kevin would pay monthly child support to Kathy. The child support order also contained a provision for postsecondary educational support that stated, "The parents shall pay for the post secondary educational support of the child. Post secondary support provisions will be decided by agreement or by the court."[2] The parties modified the child support order in 2009 to lower Kevin's monthly payments but did not alter the postsecondary support provision.

K primarily resided with Kathy and attended private school in Kirkland, Washington for her freshman year of high school. Kevin paid all of K's educational expenses and made the support payments to Kathy. After her freshman year, K transferred to a private boarding school in Vancouver, British Columbia. Kevin paid the entirety of K's tuition, fees, room, and board, totaling $61,189.23 per year.

Kevin ceased making any monthly payments to Kathy when K started boarding school. Kathy had agreed to forego the transfer payments during the months that K resided at the boarding school. The parties disagree as to whether Kathy also waived the transfer payments for the months that K was on vacation and living with either parent.

In June 2016, when K was going to graduate from high school, Kathy filed a motion to adjust and clarify the child support order. She requested definition of postsecondary educational support and determination of the parties' respective obligations. Kathy claimed that the parties could not agree on their respective postsecondary support obligations without court intervention because Kevin had refused to share his financial information or work toward a mutually acceptable

---

[2] Clerk's Papers (CP) at 51.

solution.

Kathy requested that the trial court order Kevin to pay 87.64 percent of projected future college costs. She requested back child support payments with accrued interest for the seven months that K lived at home on various school breaks during which Kevin did not pay monthly child support. She also sought attorney fees from Kevin.

Kathy's motion was noted to be heard by a commissioner on the King County Superior Court's family law motions calendar on June 29, 2016. The evening before the hearing, Kathy's counsel received a telephone call from attorney Lori Guevara. Guevara had not yet been retained in the case but informed Kathy's counsel that Kevin had not received adequate service. Neither Kevin nor his counsel appeared at the hearing. The commissioner awarded Kathy a default judgment.

Kevin subsequently filed a motion for reconsideration and a motion to vacate the default judgment. On August 1, 2016, a superior court commissioner vacated the default judgment against Kevin in the interests of justice so that the matter could be heard on the merits.[3] The commissioner was not persuaded by Kevin's argument that service was defective and awarded Kathy $1,000 in attorney fees.[4]

On August 23, 2016, another hearing took place on the family law motions calendar. The parties disputed whether the action was properly filed as a motion to adjust or a petition to modify. The commissioner concluded that the parties

---

[3] The motion to reconsider was denied on July 12, 2016.
[4] Kevin does not appeal this fee award.

3

should have brought a motion to set postsecondary support.

Regardless of the form, the commissioner declined to decide the motion because the materials submitted by the parties were too voluminous to be heard on the streamlined motions calendar.[5] The commissioner ordered Kathy to either re-note the matter and reduce the materials to a size appropriate for the motions calendar or file a petition to modify and move to the trial by affidavit (TBA) calendar. The commissioner denied the parties' requests for attorney fees because both parties submitted excessive materials.

Kathy filed a motion for revision and requested a hearing on the motion to adjust and clarify the child support order before a King County Superior Court judge. At the hearing on Kathy's motion, Kevin argued that the case should be transferred to the TBA calendar so that he could request discovery and cross-examination of experts. In the alternative, he requested a postsecondary support plan under which Kevin, Kathy, and K would each pay one-third of the associated costs. Kevin expressed concern about K's behavior and contended that she needed to take personal responsibility for her college education.

Despite Kevin's request, the judge refused to transfer or delay a decision on the case and determined Kevin's and Kathy's postsecondary support obligations at the hearing on the revision motion. Instead, the trial court ordered Kevin to pay 89 percent of K's postsecondary educational support, including tuition, books, fees, housing, food, cell phone, health insurance, transportation,

---

[5] Together the parties submitted approximately 5,000 pages of supporting documents, the majority of which were financial disclosures required under King County Local Family Law Rule (KCLFLR) 10.

4

and personal expenses. The court did not limit tuition and costs, so Kevin's and Kathy's support obligations would not change if K transferred to any school of her choice. The court also awarded Kathy her requested back child support and $5,000 in attorney fees.

Kevin appeals.

## ANALYSIS

### Revision Hearing and Postsecondary Support Order

Kevin contends that the trial court erred by failing to transfer the case to the TBA calendar. Specifically, he argues that the trial court improperly determined his support obligations on revision, depriving him of due process that he would have had on the TBA calendar through discovery and cross-examination.[6] Because Kevin had ample opportunity to request additional process, he was not prejudiced by the trial court's decision on revision.

The revision court has full jurisdiction over the case. In re Marriage of Dodd, 120 Wn. App. 638, 644, 86 P.3d 801 (2004). On revision, the trial court may re-determine both the facts and legal conclusions after independent review. Dodd, 120 Wn. App. at 645. The trial court has broad authority to modify child support provisions. Dodd, 120 Wn. App. 644. We apply an abuse of discretion standard and do not substitute our judgment for that of the trial court unless the trial court's decision rests on unreasonable or untenable grounds. Dodd, 120 Wn. App. 644.

---

[6] While the parties devote significant argument to whether Kathy should have brought a motion to adjust or a petition to modify the child support order, Kevin acknowledges that this court need not resolve the proper procedure.

Here, the substance – not the form of the procedure – is at issue. Any error in the form of the motion is harmless if, "but for the choice of form, the proceeding below was the procedural and substantive equivalent of a modification proceeding." In re Marriage of Morris, 176 Wn. App. 893, 895, 309 P.3d 767 (2013). To show prejudice, a party must demonstrate specific procedural deficiencies or harm, such as a need for discovery, an opportunity to introduce more evidence, or additional substantive arguments he or she would have made if afforded greater process. See Morris, 176 Wn. App. at 903.

In Morris, the mother erroneously brought a motion for adjustment to request postsecondary educational support that had been expressly reserved in the original support order. 176 Wn. App. at 896. Despite the procedural error, the trial court held a hearing with oral arguments on the motion for revision, considering declarations, financial documents, and legal arguments. Morris, 176 Wn. App. at 903. The father did not argue that he was denied an opportunity to conduct discovery or submit additional evidence, or that he could have raised additional substantive arguments with additional process. Morris, 176 Wn. App. at 903. Because the father did not point to specific procedural deficiencies or demonstrate prejudice, the Court of Appeals held that the error was harmless. Morris, 176 Wn. App. at 903.

Kevin attempts to distinguish his situation from Morris by raising specific procedural deficiencies and resulting prejudice. For example, he argues that he advised the trial court that he needed to cross-examine Kathy's financial expert and conduct discovery to obtain past e-mail and text messages in support of his

argument against back child support. But in this case, these claims are insufficient to show sufficient procedural deficiencies or prejudice.

Prior to his oral request at the revision hearing, Kevin had not made a motion or provided legal argument in support of additional process. He had previously mentioned the opportunity for discovery on the TBA calendar only when discussing the proper form of the case. Moreover, Kevin had three months between the initial and revision hearings to request additional process, transfer to the TBA calendar, or file his own motion to modify the child support order.[7] See RCW 26.09.170; KCLFLR 14(a); KCLFLR 6(g)(2). But he made no effort to pursue further process until the revision hearing.

While this case differs from Morris in that Kevin noted a need for discovery and testimony, the result is the same. There was no prejudice and any error was harmless. Kevin had ample opportunity to present evidence and request additional process to address deficiencies. Therefore, the trial court did not abuse its discretion by setting postsecondary support and back child support without further proceedings.

## K's Best Interests

Kevin argues that the trial court erred by failing to consider K's best interests when it ordered Kevin and Kathy to pay for the entirety of K's postsecondary educational support. Because the record demonstrates that the trial court weighed K's best interests along with the other required factors for determining the support obligation, we disagree.

---

[7] The initial hearing date was June 29, 2016, and the revision hearing was held on September 27, 2016.

In setting postsecondary education support, the trial court has the discretion to consider relevant factors, including:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources. Also to be considered are the amount and type of support that the child would have been afforded if the parents had stayed together.

RCW 26.19.090(2). There is no requirement of written findings under the statute. Morris, 176 Wn. App. at 906.

We review a trial court's award of postsecondary support for abuse of discretion. Morris, 176 Wn. App. at 905. "As long as the court considers all the relevant factors set forth in RCW 26.19.090 for determining postsecondary support, it does not abuse its discretion." In re Goude, 152 Wn. App. 784, 791, 219 P.3d 717 (2009).

Here, the trial court weighed the RCW 26.12.090(2) factors at the revision hearing, including Kevin's and Kathy's resources, ability to pay, educational background, and expectations for K's education. For example, the trial court considered Kevin's and Kathy's willingness to support K's high school education and the parties' financial documents to evaluate their ability to pay. Additionally, the trial court remarked about the difficulties of student debt, which suggested a belief that unnecessary loan obligations were not in K's best interests when her parents had well documented ability to pay.[8] Thus, the trial court's statements indicate evaluation of the factors prior to making a final determination on the

---

[8] The trial court noted that school debt "turns into her first house . . . except [school debt is] not dischargeable and she can't sell it." Report of Proceedings (Sept. 27, 2016) at 22.

parties' support obligations.

Kevin argues that the trial court was not equipped to evaluate the thousands of pages of record on reconsideration. A trial court is presumed to have considered all evidence before reaching its decision. Morris, 176 Wn. App. at 906 (citing In re Marriage of Kelly, 85 Wn. App. 785, 793, 934 P.2d 1218 (1997)). Kevin has not provided evidence to overcome this presumption, and the trial court's decision demonstrates consideration of the statutory factors, including K's best interests.

Attorney Fee Award

Kevin argues that the trial court abused its discretion when it awarded $5,000 in attorney fees to Kathy without finding that he was intransigent in the proceedings or that she had demonstrated financial need. We disagree because the trial court clearly intended to award fees based on Kevin's intransigence.

A trial court may award a party its costs and fees incurred during dissolution. RCW 26.09.140. Generally, in determining the amount of a fee award, the trial court must balance the requesting party's need against the other party's ability to pay. In re Marriage of Crosetto, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). But if the requesting party establishes that the other party's intransigence necessitated additional legal services, the financial resources of the spouse seeking the fee award are irrelevant. Crosetto, 82 Wn. App. at 563-64. Intransigence may be shown "simply when one party made the trial unduly difficult and increased legal costs by his or her actions." In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). The trial court is not required make an express finding of intransigence. See Crosetto, 82 Wn. App. at 564.

We review the trial court's decision to award fees for abuse of discretion. See In re Marriage of Knight, 75 Wn. App. 721, 729, 880 P.2d 71 (1994). "The party challenging the award bears the burden of proving that the trial court exercised this discretion in a way that was clearly untenable or manifestly unreasonable." Knight, 75 Wn. App. at 729.

Here, the trial court awarded $5,000 to Kathy because "all her fees and costs could have been avoided had [Kevin] been willing to meet with [Kathy] and exchange financial documents as she requested."[9] This statement establishes intransigence. The record shows that Kevin made no effort to constructively participate in a determination of postsecondary support obligations. Furthermore, Kevin waited until the revision hearing to request a transfer to the TBA calendar, despite having several months during which he could have moved for additional process.

The trial court's determination of intransigence obviates Kathy's obligation to make a showing of financial need. Therefore, we conclude that the trial court did not abuse its discretion by awarding her attorney fees based on Kevin's intransigence.

### Attorney Fees on Appeal

Kathy requests attorney fees on appeal because Kevin's income and assets vastly exceed hers and his litigations tactics unduly increased her fees. Kevin responds that Kathy is not entitled to fees because she has significant financial resources and pursued the improper motion to adjust.

---

[9] CP at 958.

This court has discretion to order a party to pay fees and costs on appeal from a dissolution proceeding. RCW 26.09.140. This court considers the parties' relative ability to pay and the arguable merit of the issues raised on appeal. In re Marriage of Leslie, 90 Wn. App. 796, 807, 954 P.2d 330 (1998). Additionally, intransigence in the trial court can also support an award of attorney fees on appeal. In re Marriage of Mattson, 95 Wn. App. 592, 606, 976 P.2d 157 (1999).

While the trial court did not abuse its discretion by awarding attorney fees based on Kevin's intransigence, his behavior on appeal does not merit additional fees. As to need, both parties have significant wealth.[10] While Kevin's income and assets exceed Kathy's, she undoubtedly has the financial resources to pay her own fees on appeal. We exercise our discretion to decline Kathy's request for attorney fees on appeal.

Affirmed.

Trickey, ACJ

WE CONCUR:

Leach, J.

Becker, J.

---

[10] Kathy has a gross monthly income of over $5,286 with over $2.5 million in liquid assets. Kevin estimates that his gross monthly income is over $42,000 and that he has over $12 million in liquid assets.

11