IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 35396-6-III |
| | ) | |
| FRANCIS GREGORY WILDER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| SHEILA ANN WILDER, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, A.C.J. — Francis Gregory Wilder appeals a superior court order modifying Sheila Ann Wilder's obligations to provide postsecondary educational support for their son. We affirm.

## FACTS

The facts relevant to this appeal began in March 2016 when Mr. Wilder filed a petition for modification of child support. Ms. Wilder did not appear or respond to the petition, resulting in entry through default of a modified order of child support. Relevant

here, the order required Ms. Wilder to pay for postsecondary educational support for the parties' son and 52 percent of their son's uncovered medical expenses, while also maintaining a life insurance policy. The order reserved a right for either party to petition for modification, provided the parties' son remained enrolled full time in school until he reached 24 years of age.

In December 2016, Ms. Wilder filed a motion to adjust the child support order, requesting a reduction in her support obligations and other changes.[1] In a supporting declaration, Ms. Wilder explained her current financial situation, the child's needs and ability to pay his own expenses, and her expectations as to how the child's college education would be funded. Mr. Wilder filed a substantive response to Ms. Wilder's petition, along with a motion to dismiss. Mr. Wilder's request for dismissal was based on RCW 26.09.170(5) (modifications to child support orders must be based upon a substantial change in circumstances).

The trial court granted Ms. Wilder a reduction in her support obligations. The court quickly dispensed with Mr. Wilder's dismissal motion, as the May 2016 order of child support obtained through default had permitted modifications. The court also

---

[1] Ms. Wilder refiled her motion and titled it as a "motion to modify the amount of court ordered post secondary support which s [sic] set as child support currently by an order of child support." Clerk's Papers at 86.

considered the parties' financial information and expectations regarding their son's college education. The court ultimately lowered Ms. Wilder's monthly postsecondary support payment from $594 to $375 per month beginning in June 2017. It also relieved Ms. Wilder of any obligation to pay uncovered medical expenses or maintain life insurance, and directed that all future postsecondary support payments should be made directly to the parties' son. Mr. Wilder's motion for reconsideration was denied without oral argument. Mr. Wilder appeals.

## ANALYSIS

Trial courts enjoy broad discretion over whether to order postsecondary educational support for dependent children. RCW 26.19.090(2). Factors to be considered in exercising this discretion include, but are not limited to:

> [a]ge of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources. Also to be considered are the amount and type of support that the child would have been afforded if the parents had stayed together.

*Id*. As long as the court considers the foregoing statutory factors, it does not abuse its discretion. *In re Parentage of Goude*, 152 Wn. App. 784, 791, 219 P.3d 717 (2009).

No written findings of fact or conclusions of law are required. *In re Marriage of Morris*, 176 Wn. App. 893, 906, 309 P.3d 767 (2013).

The trial court adequately considered the relevant statutory factors. The court explicitly considered financial declarations from both parties, along with Ms. Wilder's education and the education of her two other children. The court also listened to the parties' presentations regarding the educational plans for their son, the aptitudes of their son, and the anticipated educational expenses and ability to pay by their son. Contrary to Mr. Wilder's assertions, the trial court was not required to follow child support worksheets in reaching its support decision. RCW 26.19.090(1).[2]

Mr. Wilder alleges the trial court exhibited improper bias against postsecondary educational support. We disagree. In issuing its ruling, the trial court noted the differences between basic child support and postsecondary educational support. The court voiced respect for parental autonomy in making decisions about postsecondary educational support and noted that court involvement in postsecondary educational

---

[2] Unlike *In re Marriage of Newell*, 117 Wn. App. 711, 72 P.3d 1130 (2003), there is no allegation that the trial court failed to accurately recognize each parent's monthly income and proportional shares, as contemplated by the child support schedule. Mr. Wilder included a child support schedule with his materials to the court. Ms. Wilder did not contest the accuracy of Mr. Wilder's proposed schedule. Instead, she requested that her payments be set below the advisory schedule.

support decisions should be handled with care. Nevertheless, the court did not eliminate Ms. Wilder's support obligation. Nor did the court grant Ms. Wilder the full amount of her requested reduction.[3] Instead, the court ordered a partial reduction of Ms. Wilder's support obligation, based on her showing of need. The court also directed that Ms. Wilder's new support obligations not take effect until the close of the academic year, thereby reducing the hardship to Mr. Wilder and the parties' son. In making these determinations, the court followed the applicable statutory procedure, as set forth above.[4]

Mr. Wilder appears to advance several additional arguments regarding the trial court's orders. He asserts that he has been denied due process, that the trial court should not have considered Ms. Wilder's motion, and that the trial court erroneously eliminated the requirements that Ms. Wilder carry health insurance and cover medical expenses. We discern no obvious error in the trial court's proceedings or rulings. Because Mr. Wilder does not develop these arguments in his briefing, we decline further review. RAP 10.3(a)(6).

---

[3] Ms. Wilder requested that her support obligation be reduced to $250 per month. Mr. Wilder claimed that, under the child support worksheets, Ms. Wilder's monthly current support payment should be $443. The trial court ultimately imposed a monthly payment obligation of $375 per month.

[4] The trial court acted within its discretion in directing that support payments be made directly to the parties' son. RCW 26.19.090(6).

No. 35396-6-III
*In re Marriage of Wilder*

CONCLUSION

The trial court's order on postsecondary educational payments is affirmed. Each party shall bear its own fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Fearing, J.

6