
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 36823-8-III |
| TIMOTHY N. THOMPSON, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| CHERIE B. THOMPSON, | ) | |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Cherie Thompson appeals from an order confirming the amount owing for uninsured medical expenses under the child support order entered following the dissolution of her marriage to Timothy Thompson. By agreement of the parties, we reverse the amount owing.

## FACTS

Little need be said about the facts of this case. The couple dissolved their marriage in 2013; they had one child together. The support order required the father to pay all for all the child's uninsured medical costs and 75 percent of costs incurred by extraordinary or catastrophic events, with the mother paying the remaining 25 percent. Mr. Thompson subsequently brought an action to collect unpaid extraordinary medical

expenses. Ms. Thompson defended by contending she did not owe anything because Mr. Thompson recently experienced a significant increase in income.

After reviewing the evidence, the trial court ordered Ms. Thompson to pay Mr. Thompson $3,500 to constitute her required share of qualifying costs. Ms. Thompson timely appealed to this court; both parties represented themselves in this appeal. A panel considered the matter without conducting oral argument.

ANALYSIS

Ms. Thompson raises two issues: (1) the amount she owes Mr. Thompson for extraordinary costs, and (2) whether the court should have modified the support order. Mr. Thompson concedes the first issue and the second is not properly before us.

*Amount Owed to Mr. Thompson*

Ms. Thompson claims that her share of the extraordinary medical expenses totals only $2,059.24. Mr. Thompson concedes error and agrees this amount is appropriate. We accept Mr. Thompson's concession and remand this matter to the trial court to correct the judgment.

*Child Support Modification*

A child support order may be modified when there has been a substantial change in circumstances. RCW 26.09.170. The statute provides a streamlined procedure to adjust the child support order to fit the parties' current situation. *In re Marriage of Morris*, 176 Wn. App. 893, 901, 309 P.3d 767 (2013). To initiate modification proceedings, the

moving party must file a petition and worksheets pursuant to RCW 26.09.175(1).  This also requires the completion of the court-approved worksheet service upon the respondent of a summons, copy of the petition to modify the child support order, and copies of the worksheets.  RCW 26.09.175(2).  The trial court may then hold hearings to review the information each party submits to determine whether a modification is warranted.  *Morris*, 176 Wn. App. at 901.

While Ms. Thompson argues the court should have modified the child support requirements to account for Mr. Thompson's increased income, she did not follow the statutory modification procedure.  The trial court did not err by declining to address her modification argument.

Reversed and remanded to enter appropriate medical expenses award.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____          _____
Fearing, J.                                        Siddoway, J.