IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of: | No. 84502-1-I |
| JILL S. OLSON FKA YANGO, | DIVISION ONE |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| HERMINIO M. YANGO, | |
| Respondent. | |

SMITH, C.J. — Jill Olson appeals a superior court order denying her motion to modify child support. Among other things, Olson contends that the trial court abused its discretion by failing to impute income to the father, Herminio Yango, and declining to order postsecondary educational support for the parties' younger child. Because the father's financial circumstances provided a tenable basis for the court to decline to order postsecondary educational support, we affirm.

FACTS

The parties were formerly married and have two children in common, a daughter and a son. The court entered an initial child support order in 2012. In June 2020, the trial court entered an amended child support order that adjusted the amount of support for the parties' minor son and ordered Yango to pay a proportionate share, 58 percent, of the postsecondary educational expenses for the parties' daughter. Those expenses were capped at the cost of in-state tuition

at the University of Washington.  The 2020 order calculated Olson's monthly net income as $6,786 and imputed monthly net income of $9,454.69 to Yango.

In May 2022, Olson filed the underlying petition at issue to modify the 2020 child support order, seeking an order requiring both parents to pay a set amount or a percentage of the postsecondary educational expenses for the parties' son.[1]  The parties' daughter had by then graduated from college and their 18-year-old son planned to enroll at Seattle University in the fall.  Olson filed a financial declaration in support of her motion, reporting monthly net income of $7,164.

Yango opposed court-ordered postsecondary educational support because he was not in a position to financially contribute to college expenses. He suggested that all remaining funds in an educational savings account established by the parties should be available to his son.[2]  Yango also filed a financial declaration, dated June 8, 2022, and reported net monthly earnings of $3,480.62, monthly expenses of $4,906, and available assets of $913.  Yango's monthly expenses included a payment toward a $75,272 debt owed to the Internal Revenue Service (IRS) and he reported $25,232 in consumer debt.

---

[1] Olson filed an initial petition on May 9, 2022 and an amended petition about a week later.  The two petitions were identical except for Olson's designated county of residence.

[2] Yango indicated that, according to the most recent statement he had seen, the account had a balance of $67,501.85 in June 2018.  Olson reported that as of August 2022, the account had balance $18,630 after a withdrawal of $12,184 for fall 2022 tuition.

Although Yango reported actual earnings that were less than half of the earnings imputed to him in 2020, Olson argued that the court should again impute gross income of $12,870.52 to Yango, consistent with the 2020 order.[3] Olson did not directly dispute Yango's income or suggest that he had additional unreported financial resources, but pointed to several other factors, including her son's aptitude and the parties' longstanding expectation that he would pursue a college degree, that weighed in favor of continued support. Olson also requested an award of costs and attorney fees, claiming that Yango was intransigent because he had the ability to earn income at the level previously imputed to him.

Yango claimed that he never earned a gross monthly income of $12,000.[4] Yango explained that to meet his child support obligations and make payments toward his IRS debt, he had depleted his assets. He stated that the pandemic had "dramatically" reduced his income as a sales representative for two companies, "TV EARS" and "JBird." Yango also reported that he had no health insurance or retirement savings, and was several months behind on his rent. As of August 2022, Yango maintained that he was "on track to make about $50,000, gross" in 2022. Based on the parties' relative financial positions, Yango requested that the court order Olson to pay all or a portion of his costs and attorney fees.

---

[3] The 2020 child support order designates only Yango's imputed monthly net income, but Yango does not appear to dispute that the court previously imputed to him gross income of more than $12,000 per month.

[4] Yango stated that income was imputed to him in 2020 because he comingled funds deposited in an account jointly held with his significant other and his income could not be segregated.

Following an August 2022 trial by affidavit, King County Superior Court Commissioner Pro Tempore Heritage Filer orally ruled that while the court had authority to order postsecondary educational support, an order of support was not warranted under RCW 26.19.090, in consideration of the parties' financial resources and the father's inability to pay.  The court listed all of the financial information it considered from both parties, including for Yango, two years' worth of statements for two bank accounts.[5]  The court found that according to Yango's tax returns, his income had declined from over $92,000 in 2020 to approximately $55,000 in 2021, and that $55,000 was a reasonable projection for Yango's annual income for 2022.  The court observed that it was unfortunate that postsecondary educational support was court-ordered for one child and not the other, but noted that it would be untenable to order postsecondary support where doing so would create a significant financial hardship.  The court declined to find Yango intransigent.  At the same time, in light of the fact that the mother did not bring her motion in bad faith, the court also declined to award attorney fees to Yango.  The court entered a written order denying Olson's petition consistent with its oral ruling.

Olson appeals.[6]

---

[5] The court found that although Olson provided tax returns, pay stubs and bank statements, "nothing was updated after March" of 2022 and also found that, in calculating her income, Olson included only her standard pay and improperly excluded bonuses.

[6] Olson filed a motion to revise the commissioner's order, as authorized by RCW 2.24.050, but voluntarily struck the motion after Yango moved to dismiss the motion because it was filed more than ten days after entry of the commissioner's order.

ANALYSIS

"We review child support modifications and adjustments for abuse of discretion." In re Marriage of Ayyad, 110 Wn. App. 462, 467, 38 P.3d 1033, (2002). The trial court likewise has broad discretion to order support for postsecondary education. In re Marriage of Newell, 117 Wn. App. 711, 718, 72 P.3d 1130 (2003). The court abuses that discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. Newell, 117 Wn. App. at 718. This court will not substitute its judgment for the trial court's if the record shows the court considered all relevant factors and the decision is not unreasonable under the circumstances. In re Marriage of Griffin, 114 Wn.2d 772, 776, 791 P.2d 519 (1990). In addition, the trial court's findings of fact must be supported by substantial evidence. In re Marriage of Schumacher, 100 Wn. App. 208, 211, 997 P.2d 399 (2000). Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the declared premise. In re Marriage of Hall, 103 Wn.2d 236, 246, 692 P.2d 175 (1984).

RCW 26.19.090(2) outlines the standard for awarding postsecondary educational support. It requires the court to "determine whether the child is in fact dependent and is relying upon the parents for the reasonable necessities of life." Then, in considering whether and for how long to award postsecondary educational support, the court must consider the following non-exclusive factors:

> Age of the child; the child's needs; the expectations of the parties for their children when the parents were together; the child's prospects, desires, aptitudes, abilities or disabilities; the nature of

5

the postsecondary education sought; and the parents' level of education, standard of living, and current and future resources . . . [and] the amount and type of support that the child would have been afforded if the parents had stayed together.

RCW 26.19.090(2). As long as the court considers the relevant statutory factors for determining postsecondary support, it does not abuse its discretion. In re Marriage of Kelly, 85 Wn. App. 785, 792-93, 934 P.2d 1218 (1997).

Sufficiency of Findings and Order

Olson contends that the court abused its discretion by (1) making no finding as to whether the parties' son is dependent; (2) failing to expressly consider all the statutory factors under RCW 26.19.090; (3) failing to enter sufficiently detailed findings concerning Yango's inability to pay college expenses; and (4) failing to calculate the parties' net incomes and then determine the advisory support obligation.

Regarding the sufficiency of the court's order, the trial court is not obligated to enter written findings of fact as to the statutory factors. In the Marriage of Morris, 176 Wn. App. 893, 906, 309 P.3d 767 (2013). We therefore "review the record to determine whether the court engaged in the appropriate analysis," which includes a presumption " 'that the court considered all evidence before it in' reaching its decision." Morris, 176 Wn. App. at 906 (quoting Kelly, 85 Wn. App. at 793). Although not required to do so, the court made an express finding that Yango had no financial ability to contribute to his son's college expenses and that ordering such support would create a hardship. And although there is no finding of dependency, it was not disputed. Where a parent opposing a request for support essentially concedes that some factors do not weigh

6

against ordering support—and here, Yango raised only his lack of financial resources as weighing against the request—the court is entitled to rely on the absence of an objection or dispute. Cf. Morris, 176 Wn. App. at 906 (examining the record for adequate consideration of only those factors that were disputed in the trial court). The parties presented evidence and argument with regard to most, if not all, of the factors. In the absence of evidence to the contrary, we presume that the court considered all of the factors and the evidence relative to those factors. We reject Olson's claim that the findings were inadequate.

And no authority supports Olson's contention that, in determining *whether* to order postsecondary educational support, the court must not only consider the statutory factors, but must also set forth both parties' monthly net incomes and then apply the uniform child support schedule.[7] Olson relies on Newell, but that case involved a dispute about the "percentage allocation between the parents for college expenses," and not a dispute about whether the court should order postsecondary support. 117 Wn. App. at 717. And Olson's reliance on In re Marriage of Brockopp, 78 Wn. App. 441, 445-46, 898 P.2d 849 (1995), is likewise misplaced. Brockopp involved a determination of the parents' child support obligation for minor children and the question of whether a parent was voluntarily unemployed, not a discretionary award of postsecondary educational support. 78 Wn. App. at 445-46.

---

[7] The record does not reflect that either party proposed advisory support amounts or filed child support worksheets.

Sufficiency of Evidence of Income

While Olson maintains that the trial court "made no attempt" to determine the parties' current incomes, she also claims that Yango did not produce sufficient evidence to establish his current income. As a consequence, Olson contends that the court should have imputed income to Yango as it did in the 2020 order.

The court considered substantial evidence of the parties' incomes to determine the extent of their financial resources and whether to order postsecondary educational support. For Yango, the court reviewed (1) two years of bank statements from Yango's checking and savings accounts, (2) an income summary; (3) tax returns from 2020 and 2021; (4) a document substantiating Yango's debt to the IRS; and (5) multiple credit card statements. But Olson maintains that Yango did not comply with King County Superior Court Local Family Law Rule (LFLR) 10(b)(1) because he did not supply evidence of his income for the six-month period prior to June 8, 2022, the date he filed his financial declaration. In making this argument, Olson appears to suggest that the only document Yango provided as proof of income was an unauthenticated document that listed distributions from JBird between May and December of 2021, but did not list any distributions in 2022.

First, Olson did not object below. In fact, Olson expressly clarified at the trial on affidavits that she was disputing Yango's calculation of his income based on the documents provided, not claiming he failed to produce documents. Second, Yango's declaration testimony established that he is an independent

8

contractor paid exclusively with direct deposits from both companies. Yango's bank statements between November 2021 and May 2022, reflect the distributions from both sources of income during the 6-month timeframe preceding his financial declaration. The evidence in the record was sufficient to enable the court to determine Yango's current income.

Olson further contends the court abused its discretion by accepting Yango's explanation for the decline in his income without scrutiny. Olson claims that Yango simply blamed the pandemic, and that explanation was unworthy of credence given that Yango earned over $90,000 in 2020, the year that the pandemic had its most acute effect. But Yango informed the court that his income from one company ceased entirely in June 2022, after its product was discontinued from Costco's online sales platform. And he explained that payments from the other company decreased because shutdowns in early 2022 in major Chinese cities reduced the volume of production so he was unable to sell that company's product to Costco. The trial court found that Yango's explanation was credible. Olson fails to establish an abuse of discretion.

Determination of Projected Income

Olson next claims that substantial evidence in the record does not support the court's calculation of Yango's projected 2022 annual income. Specifically, Olson points out that bank statements from November 2021 to May 2022 show average monthly deposits of $6,200 in income. She asserts that this figure yields a higher annual gross income than the amount found by the court (i.e., $74,400, not $55,000) and is higher than the monthly gross income, $4,355.56, reported

by Yango in his financial declaration. But the evidence before the court indicated that the decline in income Yango had experienced since April 2022 would continue. And as Yango points out, the trial court considered evidence of his income after April 2022 that was included in his discovery responses and provided to the court as working papers. Those documents included bank records spanning from June 2020 to June 2022. We can discern from the record that those additional statements revealed that Yango's income continued to decline in the months before trial and he earned gross income of $3461, $1061, $1509, in May, June, and July, respectively. The inclusion of these amounts results in an average monthly income figure that corresponds to annual income of approximately $55,000, as found by the court. Substantial evidence supports the court's projection of Yango's income.

In her reply, Olson suggests that Yango's responsive brief makes it clear, "for the first time," that the court considered documents "not supplied to opposing counsel and not filed into the court record." Olson relies on this purported new information to claim reversible error because Yango violated local court rules governing working papers and engaged in prejudicial ex parte communication, and because the court violated her right to due process by considering Yango's working papers. See LCR 7(b)(4)(F) (working copies must be provided to the judicial officer and served, in the same form, on all parties).

As a general matter, we do not consider issues raised for the first time in reply. See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is

too late to warrant consideration."). The record does not support the position that Olson could not have appreciated that the court considered financial documents beyond those filed as sealed financial source documents before Yango filed his responsive appellate brief. In his declaration filed just before trial, Yango explicitly stated that he had provided the court with his responses to discovery propounded by Olson to establish his income. [8] And before the court issued its ruling, it was abundantly clear that the court heavily relied on two years' worth of bank statements. For instance, when Olson disputed Yango's calculation of his current earnings, the court specifically referenced the two years' of bank statements and invited counsel to direct its attention to any evidence within those records to support her argument. Yango's oral remarks also referred to the responses to Olson's discovery requests that he provided to the court as working papers and explained his reasoning for supplying extensive bank records. And, as noted, in ruling on the motion, the court listed all the documents it relied on. Neither Olson's motion for revision nor her appeal asserted any claim of error based on the court's consideration of working papers not filed or submitted to opposing counsel along with Yango's declaration in response to the petition to modify. Because Olson failed to raise these issues in the trial court and because

---

[8] Olson also admits that Yango also made an "oblique reference" to his discovery responses submitted to the court in his document submission list, but that document is not included in the record before this court.

they could have been raised in her opening brief, we decline to address claims of error raised for the first time in Olson's reply brief.[9]

<u>Finding of Father's Inability to Contribute</u>

Olson asserts that substantial evidence does not support the finding that Yango was unable to contribute to his son's college expenses. Therefore, she claims that the court abused its discretion in declining to order postsecondary educational support. In particular, Olson points out that Yango's employment status had not changed since 2020. She also contends the trial court failed to consider that Yango was relieved of his prior support obligations and ignored evidence of $2,000 of "cash withdrawals at Washington casinos" between January and May 2022.[10] But nothing in the record suggests that the court failed to appreciate changes Yango's child support obligations or notice discretionary spending documented in his banking records. As to the latter, the court referenced Yango's "miscellaneous" spending, but concluded that the amount was "not concerning" or significant enough to "raise [ ] eyebrows." The court appropriately weighed this evidence against other evidence establishing that,

---

[9] We also note that although Olson states that Yango failed to provide copies of the discovery answers submitted as working copies as required by the local rules, <u>see</u> KCLR 7(b)(4)(F), she does not claim that Yango did not provide responses and responsive documents in the normal course of discovery or that his discovery responses did not include two years of bank records. Nothing in the record indicates that Olson filed a motion to compel discovery and she raised no objection at the trial on affidavits. Since Olson does not dispute that she received Yango's discovery responses and documents at an earlier point, and given that she did not object at the time of the hearing, it is not clear that she was prejudiced by the court's consideration of those materials.

[10] The 2020 order provided for support for the parties' son until he reached age 18 or graduated from high school, whichever occurred first.

despite maintaining the same employment, Yango's earnings had substantially declined, his expenses exceeded his income, and he had limited assets and substantial debt. See Snyder v. Haynes, 152 Wn. App. 774, 779, 217 P.3d 787 (2009) (on appellate review, we do not reevaluate credibility, weight, or persuasiveness of the evidence). Because substantial evidence in the record supports the court's finding that Yango lacked ability and resources to contribute to college expenses, the court did not abuse its discretion in concluding that the imposition of a postsecondary educational support obligation would result in substantial hardship. See In re Marriage of Shellenberger, 80 Wn. App. 71, 84, 906 P.2d 968 (1995) (postsecondary support obligation that would force the obligor parent into bankruptcy or prevent the parent from meeting their obligation to another minor child would in most cases amount to an abuse of discretion).

Apportionment of Support Obligation

Finally, Olson contends that the trial court was required to (1) apportion the postsecondary support obligation in the same ratio as the basic child support obligation and (2) was required to find facts to support its decision to deviate from the standard support obligation. See In re Marriage of Daubert, 124 Wn. App. 483, 505, 99 P.3d 401 (2004) ("postsecondary support must be apportioned according to the net income of the parents as determined under the" child support statute), overruled on other grounds by In re Marriage of McCausland, 159 Wn.2d 607, 152 P.3d 1013 (2007); In re Marriage of Casey, 88 Wn. App. 662, 668, 967 P.2d 982 (1997) (when a trial court deviates from the basic support obligation, supported by findings in the child support order, it may also allocate

special expenses in a manner that is not proportional).  These arguments are unavailing.  Because the trial court denied the request to order postsecondary educational support, it did not reach the issue of how to allocate that obligation.

### Intransigence

Olson challenges the court's finding that Yango was not intransigent and its decision declining to award attorney fees to her.  Olson argued below that Yango was intransigent because he failed to earn sufficient income and because the documents produced did not substantiate his claimed income.  On appeal, Olson identifies different conduct as intransigent, including: the failure to provide authenticated statements to establish current income; the failure to produce the bank statements of Yango's significant other or explain certain cancelled checks; and the objection to her untimely motion for revision, which forced her to appeal. None of Olson's allegations involve foot dragging, delay tactics, failure to cooperate, or other conduct that made the litigation unduly difficult or costly.  See In re Marriage of Greenlee, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). Substantial evidence supports the court's finding that Yango was not intransigent in this proceeding.[11]

### Attorney Fees on Appeal

Both parties request an award of attorney fees on appeal.  As below, Olson contends that fees are warranted based on the father's intransigence.

---

[11] Olson also relies, in part, on an alleged finding of intransigence in the prior modification proceeding that resulted in the 2020 order.  But Olson's factual assertions about the court's ruling are unsupported by any evidence in the appellate record.

Yango requests fees under RCW 26.09.140. As explained above, the record does not support a finding of intransigence. And while RCW 26.09.140 provides discretion to award fees in consideration of the arguable merits and the parties' respective financial circumstances, Yango has not filed a financial declaration to establish his current financial need. See RAP 18.1(c) (in action where applicable law requires consideration of financial resources, parties must file and serve financial affidavit at least 10 days prior to date case is set for consideration). We deny both parties' requests.

Affirmed.

Smith, C.J.

WE CONCUR:

Birk, J.                Chung, J.

15