[No. 77890-6.  En Banc.]
Argued October 24, 2006.  Decided February 1, 2007.

*In the Matter of the Marriage of* ANGELA KARON McCAUSLAND, *Petitioner*, and ROBERT GLENN McCAUSLAND, *Respondent*.

*James A. Lopez*, for petitioner.

*Catherine Wright Smith* and *Valerie A. Villacin* (of *Edwards, Sieh, Smith & Goodfriend, PS*) and *Jeffrey A. Robinson*, for respondent.

¶1 FAIRHURST, J. — In this case, we are asked to determine whether RCW 26.19.020 creates a presumption that the trial court should extrapolate when it exceeds the economic table in the child support schedule. We are also asked to resolve an apparent conflict among the divisions of the Court of Appeals regarding the use of extrapolation in determining child support obligations. Both parties request attorney fees and costs on appeal.

¶2 We hold that the trial court may not use extrapolation when it exceeds the economic table in the child support schedule because extrapolation is merely a mechanical extension of the economic table and RCW 26.19.001 requires the amount of support to be based on the child's or children's needs, and commensurate with the parents' income, resources, and standard of living. The trial court has discretion to exceed the economic table in awarding child support, but it must support the award with written find-

ings of fact. We reverse the Court of Appeals and remand for further proceedings consistent with this opinion. We also deny both parties' request for attorney fees and costs because neither substantially prevailed on appeal.

## I. CHAPTER 26.19 RCW

¶3 The legislature's stated intent in enacting the child support schedule statute, chapter 26.19 RCW, was "to insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001. When the trial court issues a child support order, it begins by setting the " '[b]asic child support obligation.' " RCW 26.19.011(1). The basic child support obligation is generally determined from an economic table in the child support schedule and is based on the parents' combined monthly net income and the number and age of the children. *Id.*; RCW 26.19.020. The economic table is presumptive for a combined monthly net income of $5,000 or less and advisory but not presumptive for a combined monthly net income of more than $5,000. RCW 26.19-.020, .065. However, the table ends at a combined monthly net income level of $7,000. *Id.* If the parents' combined monthly net income is greater than $7,000, the court *may* set child support at an amount on the economic table for incomes between $5,000 and $7,000, or it may exceed the table based on written findings of fact. *Id.*

## II. STATEMENT OF THE CASE

¶4 Robert Glenn and Angela Karon McCausland[1] were married for over 13 years and have two children born in 1991 and 1994. The parties separated in 1997 and attempted to reconcile in 1998. As part of a 1998 reconciliation agreement (1998 Agreement), Robert agreed to pay Angela $2,756 monthly, which included $1,222 in spousal

---

[1] We refer to Robert and Angela by their first names because they have the same last name.

maintenance and $1,534 in child support. *In re Marriage of McCausland*, noted at 112 Wn. App. 1029, 2002 Wash. App. LEXIS 1499, at *3 (unpublished) (*McCausland* I). Angela contested the total amount of support, and the commissioner revised it upward to $7,100 monthly, without segregating the award between spousal maintenance and child support. *Id.* at *4. Robert contested the commissioner's revised amount, and the court revised it down to $5,500 monthly, again without segregating the award between spousal maintenance and child support. *Id.* at *5.

¶5 The couple separated again in 2000 and entered into a revised reconciliation agreement (2000 Agreement) that superseded the 1998 Agreement. *Id.* at *6. In the "Parenting and Support Issues" section of the 2000 Agreement, the parties agreed that Robert would continue to pay Angela $5,500 monthly for "care and maintenance of Angela, her children, and the family home."[2] *Id.* It did not specify what portion of the $5,500 payment was for child support.

¶6 When Robert's financial circumstances changed in the fall of 2000,[3] he requested termination of the maintenance payments and modification of the child support payments. *Id.* at *7. The commissioner ruled that Robert could not modify the support payments as long as they were not unfair at the time they were established. *Id.* Robert moved to revise the 2000 Agreement, which the trial court denied. *Id.* at *8.

¶7 Robert appealed, and the Court of Appeals ruled that the 2000 Agreement was not binding on the court with regard to child support because child support must be

---

[2] Robert was originally in the mortgage business and held stock in a mortgage company, but he sold the mortgage company stock to start an Internet company. He expected the Internet company to go public in mid-2000. The 2000 Agreement required Robert to pay Angela $16 million as her portion of Robert's Internet company and $5,500 monthly until the $16 million was paid in full. *McCausland* I, 2002 Wash. App. LEXIS 1499, at *6.

[3] In the fall of 2000, the "Initial Public Offering" for Robert's company failed and the company declared bankruptcy. *Id.* at *7.

established in accordance with chapter 26.19 RCW.[4] *McCausland* I, 2002 Wash. App. LEXIS 1499, at *11. The appellate court also concluded that when the trial court set the child support payments based on the 1998 and 2000 Agreements, it failed to establish an independent separate child support amount. *Id.* at *11-12. It remanded to the trial court to reconsider and segregate monthly child support from spousal maintenance and to set child support in accordance with chapter 26.19 RCW. *McCausland* I, 2002 Wash. App. LEXIS 1499, at *16.

¶8 On remand, Robert asked the trial court to set child support based on his current income level, impute income to Angela based on her training and experience as a teacher, and reduce his support transfer payment by granting him a residential credit for time the children spent with him. Angela asked to have the original payment of $5,500 reinstated and divided between spousal and child support. She also asked the court to extrapolate the basic child support obligation from the economic table based on Robert's historical income.[5] Lastly, Angela sought attorney fees under RCW 26.09.140 based on Robert's ability to pay and her need.

¶9 The trial court concluded that the $5,500 monthly combined support amount was enforceable, despite the Court of Appeals' ruling. It ordered Robert to pay Angela child support of $2,842 monthly for the two children, with the remainder of the $5,500 going to spousal support. It noted that because Robert's income alone was more than $7,000, the children had "the expectation of support at the level of their father's significant historical income" and did not award Robert a residential credit based on time the children spent with him. Clerk's Papers at 547.

¶10 Robert appealed the second trial court decision. *In re Marriage of McCausland*, 129 Wn. App. 390, 118 P.3d 944

---

[4] Whether the Court of Appeals ruled correctly on this issue is not before us.

[5] Angela also raised other issues related to the reconciliation agreements and spousal support that are not before us.

(2005) (*McCausland* II). Relying on a case from Division One of the Court of Appeals, *In re Marriage of Daubert*, 124 Wn. App. 483, 99 P.3d 401 (2004), Robert argued that the trial court erroneously determined the child support obligation by extrapolating from the economic table and the trial court failed to enter findings of fact to support the award. Angela argued that the trial court's findings of fact were sufficient to support the award, citing a case from Division Two of the Court of Appeals, *In re Marriage of Clarke*, 112 Wn. App. 370, 48 P.3d 1032 (2002). Both parties requested attorney fees and costs.

¶11 The Court of Appeals rejected *Daubert*'s disapproval of extrapolation. *McCausland* II, 129 Wn. App. at 408. Instead, it applied its own prior holding in *Clarke* that RCW 26.19.020 grants the trial court express authority to extrapolate when it exceeds the economic table. *McCausland* II, 129 Wn. App. at 408. The Court of Appeals also declined to apply *Daubert*'s requirement that the trial court enter findings of fact explaining the necessity for an amount exceeding the economic table. *Id.* at 407. Nonetheless, it held that the trial court had improperly relied on Robert's current and historical income and failed to require proof of the children's expenses and concluded *the record* was insufficient to determine whether a deviation from the basic support obligation was necessary. *Id.* at 412. The court vacated the child support order and remanded to the trial court to determine whether a "deviation or extrapolation above the standard calculation" was appropriate. *Id.* at 417.

¶12 Angela petitioned this court to determine, among other things, whether the Court of Appeals erred in concluding that the $5,500 support payment in the 1998 and 2000 Agreements was unenforceable. Robert cross-petitioned to determine whether RCW 26.19.020 creates a presumption that the trial court should extrapolate when it exceeds the economic table. He also asked us to clarify apparently conflicting opinions of the Court of Appeals regarding the use of extrapolation in determining child support obligations. We accepted review only of Robert's

issues. *In re Marriage of McCausland*, 157 Wn.2d 1008, 139 P.3d 349 (2006).

## III. ISSUES

A. Does RCW 26.19.020 create a presumption that a trial court should extrapolate when it exceeds the economic table?

B. Should we grant either party's request for attorney fees and costs on appeal?

## IV. ANALYSIS

¶13 In this case, we interpret the child support schedule statute, chapter 26.19 RCW, and determine if the trial court abused its discretion in modifying an order of child support.

¶14 Statutory meaning is a question of law that we review de novo. *In re Parentage of J.M.K.*, 155 Wn.2d 374, 387, 119 P.3d 840 (2005) (citing *King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 142 Wn.2d 543, 555, 14 P.3d 133 (2000); *Dioxin/Organochlorine Ctr. v. Pollution Control Hr'gs Bd.*, 131 Wn.2d 345, 352, 932 P.2d 158 (1997)). The court's primary goal in construing a statute is to determine and give effect to the legislature's intent. *Am. Cont'l Ins. Co. v. Steen*, 151 Wn.2d 512, 518, 91 P.3d 864 (2004) (citing *State v. Watson*, 146 Wn.2d 947, 954, 51 P.3d 66 (2002)). We generally begin our analysis with the text of the statute. *Id.* If the text is clear and unambiguous on its face, we do not resort to statutory construction principles, such as legislative history, "even if we believe the legislature intended something else but did not adequately express it." *Id.* A statute is ambiguous only if it can be reasonably interpreted in more than one way, and we do not try to discern " 'an ambiguity by imagining a variety of alternative interpretations.' " *Id.* (quoting *W. Telepage, Inc. v. City of Tacoma*, 140 Wn.2d 599, 608, 998 P.2d 884 (2000)).

¶15 A party moving to modify child support bears the burden of showing a substantial change in circum-

stances. *In re Marriage of Leslie*, 90 Wn. App. 796, 802, 954 P.2d 330 (1998). A reviewing court will not reverse the trial court's decision absent a manifest abuse of discretion. *Id.* Moreover, "the reviewing court cannot substitute its judgment for that of the trial court unless the trial court's decision rests on unreasonable or untenable grounds." *Id.* at 802-03.

A. RCW 26.19.020 does not create a presumption that the trial court should extrapolate when it exceeds the economic table

¶16 Robert has raised two interrelated issues regarding extrapolation. In his cross-petition to Angela's petition for review, he argued only that the divisions of the Court of Appeals have issued conflicting opinions regarding the trial court's use of extrapolation when it exceeds the economic table. In his supplemental brief, he also argues that the Court of Appeals erred in concluding that RCW 26.19.020 created a presumption that the trial court should extrapolate when it exceeds the economic table because he claims extrapolation is an "artificial construct" that does not adequately account for the children's needs. Suppl. Br. of Cross-Pet'r/ Resp't at 5. Angela responds only to Robert's first argument, claiming the Court of Appeals' opinions do not conflict with one another. We first address Robert's second argument.

■■ ¶17 In determining whether RCW 26.19.020 creates a presumption that a trial court should extrapolate when it exceeds the economic table, we look first to the language of the statute. As we have already noted, chapter 26.19 RCW generally requires the trial court to determine the parents' basic child support obligation using an economic table. RCW 26.19.020. However, the table ends at a combined monthly income level of $7,000, and if the parents' combined monthly income is greater than $7,000, the statute gives the court discretion to exceed the economic table based on written findings of fact. *Id.* The statute does not specify any particular method the court must use when

exceeding the economic table, nor does it specify what factors the court should consider in rendering its findings of fact. *Id.*

¶18 The word "extrapolate" means "to infer from a trend within an already observed interval . . . : calculate from the terms of a known series." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 807 (2002). The economic table in RCW 26.19-.020 provides a known series of numbers from which the basic child support obligation amount could be extrapolated. However, the trial court is required to support a child support award that exceeds the economic table with written findings of fact. RCW 26.19.020. Further, the intent of the statute is to ensure that awards of child support meet the child's or children's basic needs and to provide additional support "commensurate with the parents' income, resources, and standard of living." RCW 26.19.001. If the trial court determines the basic child support obligation simply by mechanically extending the economic table, the resulting award may not have any realistic correlation to the child's or children's needs, or the parents' income, resources, or standard of living. We conclude, therefore, that the trial court may not use extrapolation when it exceeds the economic table in the child support schedule.

¶19 Robert also asks us to clarify an apparent conflict among the divisions of the Court of Appeals regarding the use of extrapolation in determining basic child support obligations. We first determine if there is a conflict. The Court of Appeals has addressed the subject of extrapolation from the economic table in six published cases. They are this case and its companion case from Division One, *State ex rel. M.M.G. v. Graham*, 123 Wn. App. 931, 99 P.3d 1248 (2004), as well as *Clarke, Daubert, In re Marriage of Rusch*, 124 Wn. App. 226, 98 P.3d 1216 (2004), and *In re Marriage of Marzetta*, 129 Wn. App. 607, 120 P.3d 75 (2005).

¶20 In *Clarke*, a 2002 case from Division Two, the court concluded that RCW 26.19.020 "expressly invites" the court to extrapolate from the child support schedule. 112 Wn. App. at 379. While acknowledging that RCW 26.19.020

requires the trial court to enter written findings of fact when it exceeds the economic table, it nevertheless concluded that although the commissioner's finding was cursory, there was sufficient support in the remaining record for the trial court's extrapolation. *Id.* at 380-81. It also noted that although more specific findings are "preferred," their absence does not require vacation of the trial court's order. *Id.* at 382.

¶21 *Daubert* and *Rusch*, two 2004 cases from Division One, rejected *Clarke*'s conclusion that RCW 26.19.020 "expressly invites" the court to extrapolate when it exceeds the economic table, reasoning that if the legislature had wanted to extend the table, it would have done so. *Daubert*, 124 Wn. App. at 495-96; *Rusch*, 124 Wn. App. at 232-33. They further concluded that extrapolation is not a preferred method because it merely extends numbers on a table with no reference to the children's needs but suggested it is appropriate if the extrapolated amount is supported by specific findings. *Daubert*, 124 Wn. App. at 496; *Rusch*, 124 Wn. App. at 233.

¶22 *Daubert* and *Rusch* also rejected *Clarke*'s conclusion that when a trial court exceeds the economic table, it may enter only cursory findings of fact. *Daubert*, 124 Wn. App. at 495; *Rusch*, 124 Wn. App. at 233. They concluded the trial court must explain why additional support is needed, and they set out specific factors that the trial court should consider, which include (1) the parents' standard of living and (2) the children's special medical, educational, or financial needs. *Daubert*, 124 Wn. App. at 495-96; *Rusch*, 124 Wn. App. at 233.

¶23 In *Marzetta*, Division Three implied that a trial court has discretion to extrapolate when it exceeds the economic table by upholding the trial court's extrapolated award. 129 Wn. App. at 623. It also held, however, that any support amount in excess of the economic table must be based on consideration of the parties' income, resources, standard of living, and the totality of the financial circumstances. *Id.*

¶24 In *Graham*, the companion case to this one, Division One left the determination of whether to extrapolate from the economic table to the trial court's discretion on remand but it ordered the trial court to enter written findings of fact in accordance with *Rusch*. 123 Wn. App. at 942. Lastly, in the instant case, Division Two concluded that *Clarke* and *Daubert* conflict and declined to apply *Daubert*. *McCausland* II, 129 Wn. App. at 407-08. It reasoned that RCW 26.19.020 gives the trial court "express authority" to extrapolate from the child support schedule and that the court need not explain why support in an amount greater than the economic table is necessary. *Id.*

¶25 In sum, there is clearly disagreement among the cases that have discussed extrapolation with respect to two issues: (1) whether the trial court has authority to extrapolate when it exceeds the economic table in RCW 26.19.020 and (2) what is necessary to support a trial court's award that exceeds the economic table?

¶26 In light of our earlier conclusion that the trial court may not use extrapolation when it exceeds the economic table in the child support schedule, none of the cases ruled correctly with regard to the trial court's authority to extrapolate. *Clarke* and *McCausland* II erred in concluding that RCW 26.19.020 expressly authorizes or invites the trial court to extrapolate. *Marzetta* and *Graham* erred in concluding that the trial court has discretion to use extrapolation. *Daubert* and *Rusch* erred to the extent that they suggested that extrapolation is appropriate as long as the extrapolated amount is supported by written findings of fact. Because, by definition, "extrapolation" is merely a mechanical method of extending a known series of numbers and the legislature has not approved extrapolation, any amount that exceeds the economic table must be based on the legislative criteria. As noted earlier, RCW 26.19.001 requires that children receive support adequate to meet their basic needs and additional support "commensurate

with the parents' income, resources, and standard of living."[6]

¶27 With respect to what is necessary to support a trial court's award that exceeds the economic table, we again consider the text of the statute. RCW 26.19.020 states that the trial court *"may* exceed the [economic table] *upon written findings of fact."* (Emphasis added.) Thus, RCW 26.19.020 gives the trial court discretion to exceed the economic table but limits the exercise of that discretion by requiring the court to support its decision to exceed the economic table with written findings of fact. Although cursory findings of fact and the trial record might appear to justify awarding a child support amount that exceeds the economic table, only the entry of written findings of fact demonstrate that the trial court *properly exercised its discretion* in making the award. Therefore, *Clarke* and *McCausland* II erred in concluding that cursory findings of fact, even when supported by the record, are sufficient to provide a basis for awarding a child support amount that exceeds the economic table.

¶28 The only remaining question before us is whether the trial court should consider the *Daubert/Rusch* factors, which include (1) the parents' standard of living and (2) the children's special medical, educational, or financial needs when entering its written findings of fact. *Daubert*, 124 Wn. App. at 495-96; *Rusch*, 124 Wn. App. at 233. We conclude it should. The *Daubert/Rusch* factors derive from the child support schedule statute's statement of intent and are therefore appropriate for the trial court to consider when determining whether to exceed the economic table in determining the basic child support obligation. *See* RCW 26.19.001. However, the trial court is not limited to consideration of those factors alone.

¶29 We hold that the trial court may not use extrapolation when it exceeds the economic table in the child support

---

[6] The trial court may very well end up awarding an amount of child support that is equivalent to an extrapolated amount, but it cannot arrive at that amount by extrapolation. Rather, the amount of child support must be based on the correlation to the child's or children's needs.

schedule. Extrapolation is merely a mechanical extension of the economic table, and RCW 26.19.001 requires the amount of support to be based on the child's or children's needs, and commensurate with the parents' income, resources, and standard of living. The trial court has discretion to set the basic child support obligation at an amount that exceeds the economic table, but it must support that amount with written findings of fact. We also hold that the trial court should, at a minimum, consider the *Daubert/Rusch* factors when entering written findings of fact, but the trial court is not limited to those factors.

## B. Attorney fees and costs on appeal

¶30 Angela sought attorney fees and costs in the first proceeding at the trial court and at the Court of Appeals under RCW 26.09.140 and *In re Marriage of Knight*, 75 Wn. App. 721, 729, 880 P.2d 71 (1994). The trial court granted Angela's attorney fees and costs, but the Court of Appeals held that the trial court failed to explain how it calculated the award and remanded to the trial court. *McCausland* I, 2002 Wash. App. LEXIS 1499, at *14. On remand, the trial court concluded that the Court of Appeals' opinion precluded it from awarding attorney fees and costs to Angela. *McCausland* II, 129 Wn. App. at 399. On appeal, both parties requested attorney fees and costs. *Id.* at 416. The Court of Appeals denied both requests because it concluded neither had substantially prevailed on appeal. *Id.* at 416-17.

¶31 RCW 26.09.140 allows the court to order one party to a marriage dissolution action to pay attorney fees and costs to the other party for "enforcement or modification proceedings after entry of judgment." Under RAP 18.1, a party has a right to recover reasonable attorney fees or expenses on review before the Supreme Court if granted by applicable law. The party must request fees and costs in its opening brief, but a request made at the Court of Appeals is considered a continuing request at the Supreme Court. RAP 18.1(b).

¶32 Because neither party substantially prevailed on appeal, we deny both parties' request for attorney fees and costs.

## V. CONCLUSION

¶33 We hold that the trial court may not use extrapolation when it exceeds the economic table in the child support schedule. Extrapolation is merely a mechanical extension of the economic table, and RCW 26.19.001 requires the amount of support to be based on the child's or children's needs, and commensurate with the parents' income, resources, and standard of living. The trial court has discretion to set the basic child support obligation at an amount that exceeds the economic table, but it must support that amount with written findings of fact. We also hold that the trial court should, at a minimum, consider the *Daubert/Rusch* factors when entering written findings of fact but it is not limited to those factors. We reverse the Court of Appeals and remand for further proceedings consistent with this opinion. We deny both parties' request for attorney fees and costs because neither substantially prevailed on appeal.

ALEXANDER, C.J., and C. JOHNSON, MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, and J.M. JOHNSON, JJ., concur.

Reconsideration denied May 10, 2007.