**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Marriage of<br><br>MEIKA MAGEE,<br><br>                   Respondent,<br><br>  and<br><br>JAMES MAGEE,<br><br>                     Appellant. | No. 81282-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — In this postdissolution modification appeal, James MaGee claims that the trial court did not use the proper "mandatory form" to enter its findings and modified final child support order. We dismiss the appeal as untimely.

I

MaGee and Meika Nowak[1] dissolved their marriage in December 2016 following lengthy proceedings in Pierce County. The Pierce County Superior Court's final orders limited MaGee's visitation with their three children based on RCW 26.09.191, restrained MaGee from being within 100 feet of Nowak, and ordered MaGee to pay child support.

In February 2018, Nowak petitioned for modification of the parenting plan in King County Superior Court, alleging that MaGee's "behaviors since the divorce

---

[1] Respondent self-identifies as Meika E. Nowak f/k/a MaGee in trial court filings, and uses the surname "Nowak" in postdissolution pleadings and appellate briefing, so we use that name in this opinion.

constitute[d] abusive use of conflict and that his contacts with the children should be further limited to only supervised contacts." MaGee, who is licensed to practice law in Washington, filed a pro se motion to adjust child support order and a petition to modify the child support order. MaGee based his petition on "a substantial change in circumstances since the current order was signed."

The King County Superior Court held a four day modification trial in April 2019. MaGee represented himself at trial, articulated his grounds to modify child support, and responded to the trial court's questions.

In May 2019, the trial court entered an amended parenting plan. MaGee moved for reconsideration and for a new trial, which the trial court denied. Nowak sought, and the trial court granted, reconsideration regarding the "removal of some RCW 26.09.191 restrictions." The parties proposed competing final orders but, due to scheduling issues and MaGee's multiple requests for extensions and continuances, the trial court did not enter final orders until December 2019.

On December 2, 2019, the trial court entered an order approving Nowak's proposed final orders. It also entered (1) a final judgment, order, and findings on petition to change a parenting plan and (2) an amended parenting plan that noted: "This is a Final Order (PP). This final parenting plan changes the last final parenting plan." On December 3, the trial court entered a modified final child support order that found, in pertinent part: "The court orders child support as part of this family law case. This is a final order." The child support order and findings were entered on "Mandatory Form (07/2019) FL All Family 130."

2

On January 6, 2020, MaGee filed an initial notice of appeal challenging the trial court's December 2019 orders and the parenting plan entered in May 2019. See In re Marriage of MaGee, No. 80952-1-I (Wash. Ct. App. Jan. 6, 2020).

On January 17, 2020, Nowak filed a motion in this court to dismiss MaGee's appeal, asserting it was untimely among other defects. A commissioner of this court later granted Nowak's motion. Ruling Dismissing Appeal, In re Marriage of MaGee, No. 80952-1-I, at 2 (Wash. Ct. App. Feb. 3, 2020).

On January 30, 2020, now in the trial court, MaGee filed an amended motion for presentment asking the trial court to enter a final child support order and findings on "Mandatory Form (01/2019) FL Modify 510." He asserted that the child support order was not final unless it was entered on the proper "mandatory form." The trial court denied MaGee's motion on February 24, 2020. MaGee moved for reconsideration but the trial court denied the request, rejecting his argument that it did not properly enter findings.

MaGee appeals by notice of appeal filed on March 25, 2020. MaGee filed a further notice of appeal on June 11, 2020.

II

In this appeal, MaGee seeks to challenge the trial court's December 2019 orders and to assert a claim that he was not allowed to testify during the April 2019 modification trial.

A

In his January 2020 notice of appeal, MaGee sought to challenge, among other things, the trial court's final amended parenting plan, modified child support

order, and final judgment and findings entered in December 2019 and the initial parenting plan entered in May 2019. Ruling Dismissing Appeal, MaGee, No. 80952-1-I, at 1. Nowak moved to dismiss MaGee's appeal, arguing in part that it was untimely under RAP 5.2(a) because it was not filed within 30 days after entry of any of the trial court's orders. Magee responded that Nowak was "most certainly correct – 30 days did pass" since the trial court made "a decision" on the modification of child support. But he claimed that his notice of appeal should be treated as premature pursuant to RAP 5.2(g) until a day after the trial court enters a "Mandatory Form FL 510 Final Order and Findings on Petition to Modify Child Support."

A commissioner of this court explained MaGee "essentially argue[d] that the trial court failed to enter sufficient findings." To make such an argument on appeal, MaGee needed to file a timely appeal from the trial court's final judgment, order, and findings entered in December 2019, but "[h]e failed to do so and present[ed] no extraordinary circumstances preventing him from filing a timely appeal." Accordingly, the commissioner dismissed the appeal. Ruling Dismissing Appeal, MaGee, No. 80952-1-I at 2. We subsequently denied MaGee's motion to modify the commissioner's ruling and issued a mandate terminating review of No. 80952-1-I. Order Denying Motion to Modify, In re Marriage of MaGee, No. 80952-1-I (Wash. Ct. App. June 11, 2020); Mandate, In re Marriage of MaGee, No. 80952-1-I (Wash. Ct. App. Aug. 4, 2020). The December 2019 and May 2019 orders are not properly before us.

B

MaGee maintains that despite his earlier appeal having been dismissed as untimely, we should review the December 2019 child support order due to his confusion and excusable neglect. MaGee says, based on his reading of the form, FL Modify 510 is "the final concluding stroke of a modification action." But MaGee's argument ignores the findings and modified final child support order that the trial court entered in this case, that expressly noted, "This is a final order."

Moreover, the fact that the final child support order in this case was not entered on FL Modify 510 neither invalidates its finality nor requires reversal. An illustrative case is In re Marriage of Daubert, 124 Wn. App. 483, 99 P.3d 401 (2004), abrogated on other grounds by In re Marriage of McCausland, 159 Wn.2d 607, 152 P.3d 1013 (2007). In Daubert, the appellant claimed reversal was required because the trial court failed to "fill out WASHINGTON PATTERN FORMS DOMESTIC RELATIONS (WPF DR) 06.0600 Findings/Conclusions on Petition for Modification of Child Support." Id. at 490. In rejecting that argument, this court stated, "We recognize that RCW 26.19.035(2) requires written findings and that RCW 26.09.006 requires the use of mandatory forms for all modification actions. We decline to conclude that the commissioner's failure to fill out WPF DR 06.0600 means as a matter of law that she made no findings of fact or that reversal is required in this case." Id. The trial court entered such findings and "failure to use the proper form [was] harmless error." Id. at 490-91.

Here, as in Daubert, the trial court entered findings that supported its child support decision. Further, the trial court indicated it was entering a final order.

5

MaGee's January 6, 2020 appeal, despite being untimely, implicitly acknowledged as much. We decline to consider the merits of MaGee's second untimely effort to challenge the December and May 2019 orders.

C

MaGee also seeks review of the trial court's alleged "fail[ure] to provide [him] a meaningful opportunity to testify" at the April 2019 modification trial. The record shows that MaGee raised this same argument in his May 2019 motions for reconsideration and new trial, claiming that he "was not allowed to testify, except to make a few explanations as to how a spreadsheet operated." In its order denying MaGee's motions, the trial court disagreed and ruled,

> Mr. MaGee had more time and opportunities from this Court to conduct his trial than would otherwise be allowed in a normal trial based on his pro se status, non trial lawyer background, and his overall presentation. Although it was regrettable that Mr. MaGee used much of his efforts on non-pertinent and collateral arguments, this Court could not extend any further considerations to him.

Because MaGee did not timely appeal the trial court's ruling denying his May 2019 motions, which included his "right to testify on the record" claim, the issue is not properly before us.

D

MaGee's notice of appeal also identifies the trial court's February 2020 order denying his motion for presentation and entry of child support modification findings on form FL Modify 510—motions MaGee filed only after the trial court had entered its final order and after the time period to appeal had expired. In addition to MaGee's appeal being untimely, he fails to assign error to this order and

provides no argument or authority to support of its reversal. Thus, Magee has waived this issue on appeal. RAP 10.3(a)(5), (6); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

III

Nowak requests an award of fees and costs on appeal under RAP 14.2, RAP 18.9(a), RAP 18.1, and RCW 26.09.140. RAP 14.2 allows an award of costs "to the party that substantially prevails on review." Because Nowak prevails, she is awarded costs subject to compliance with RAP 18.1(d).

RAP 18.9(a) allows this court to impose sanctions for a party filing a frivolous appeal. An appeal is frivolous "if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal." In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). We resolve all doubts on frivolousness in favor of the appellant. In re Marriage of Schnurman, 178 Wn. App. 634, 644, 316 P.3d 514 (2013). MaGee's appeal is plainly barred, but we resolve in MaGee's favor all doubts about his claim of procedural confusion. We exercise our discretion and deny Nowak's request for attorney fees on this basis.

Finally, under RCW 26.09.140, we may award reasonable attorney fees after we have considered the financial resources of both parties. In re Marriage of Muhammad, 153 Wn.2d 795, 807, 108 P.3d 779 (2005). "[E]ach party must serve upon the other and file a financial affidavit no later than 10 days prior to the date the case is set for . . . consideration on the merits." RAP 18.1(c). Because we did

not receive Nowak's financial affidavit, we deny the attorney fee request under RCW 26.09.140.

IV

MaGee's appeal is time-barred and accordingly it is dismissed.

Birk, J.

WE CONCUR:

Chung, J.