# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of | No. 59690-3-II |
| PHILIPPE CHANTREAU, | |
| Respondent, | |
| and | |
| HELEN NOWLIN, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—During their marriage, Helen Nowlin and Philippe Chantreau had a daughter, IC, who received special education services from an early age. Nowlin and Chantreau finalized their divorce in 2009. In 2023, shortly before the conclusion of IC's high school education, Nowlin petitioned the trial court for modification of the child support order, arguing that a substantial change in circumstances warranted monthly support from Chantreau throughout IC's adult life. The trial court denied her petition.

Nowlin appeals the trial court's order denying her petition to modify child support, as well as the trial court's order awarding Chantreau attorney fees and denying Nowlin's request for attorney fees. We affirm.

## FACTS

In 2002, during their marriage, Helen Nowlin and Philippe Chantreau had a daughter, IC. According to Nowlin, IC was born at full term but weighed less than five pounds due to

complications during her pregnancy that prevented proper nourishment and development. IC has been eligible for special education services and was on an individual education plan since approximately third grade. Nowlin and Chantreau finalized their divorce in October 2009. The final support order stated that child support would continue until IC was 18 or for as long as she was enrolled in high school, whichever occurred last.

In 2019, when IC was in 10th grade, a school psychologist and special education manager conducted a series of testing with IC to assess her intellectual ability and to measure her adaptive skills. The evaluation determined that IC had an intellectual disability rendering her eligible to continue special education services at the high school. The signature page of the report contained a notation indicating that the results were shared with Nowlin and Chantreau via teleconference, stating "agreed w/ results. Ok to sign." Clerks Papers (CP) at 14.

In 2023, shortly before the conclusion of IC's high school education, Nowlin filed a petition to modify the final child support order. The petition sought a modified child support order requiring Chantreau to provide $760.65 in support for IC every month indefinitely on the basis of IC's intellectual disability. Nowlin contended that the 2019 school evaluation identifying IC as having an intellectual disability constituted a new formal diagnosis and amounted to a substantial change in circumstances warranting a modification to the final child support order.

The trial court denied Nowlin's petition, concluding that there had not been a substantial change in circumstances since the entry of the final child support order to warrant modifying the final order.

Nowlin filed a motion for reconsideration of the trial court's order denying her petition for modification. For the first time, Nowlin contended that the petition to modify child support was

brought by IC herself and that Nowlin appeared only as IC's attorney. Nowlin also filed a petition for default judgment against Chantreau, contending that he had failed to timely reply to her petition. She also filed a "Judicial Notice of Adjudicative Fact" under ER 201 requesting that the trial court take notice that (1) WAC 392-172A-01035(2)(g) defines intellectual disability, (2) IC was diagnosed with an intellectual disability, and (3) Chantreau signed the report acknowledging IC's intellectual disability. CP at 53.

Chantreau's counsel then moved to withdraw from the case. Nowlin objected to the notice of intent to withdraw, filed a motion for $75,000 in sanctions against Chantreau's counsel based on their motion to withdraw from the case, and requested $3,800 for attorney fees for herself. In turn, Chantreau requested attorney fees for having to respond to Nowlin's objection and request for sanctions, which Chantreau contended was made in bad faith. Chantreau also moved to strike several of Nowlin's pleadings based on insufficient service.

The trial court granted Chantreau's counsel's motion to withdraw and his motion to strike Nowlin's motions. The trial court also granted Chantreau's request for $1,000 in attorney fees to be paid by Nowlin and denied Nowlin's motion for sanctions.

Nowlin appeals the trial court's order denying her petition to modify child support. Nowlin also appeals the trial court's order granting Chantreau's counsel's motion to withdraw, granting Chantreau's motion to strike Nowlin's motions on the basis of improper service, ordering Nowlin to pay Chantreau $1,000 in attorney fees, and denying Nowlin's motion for sanctions against Chantreau and her request for attorney fees.

ANALYSIS

As an initial matter, it bears clarification that IC is not a party in this case. Despite Nowlin's contention in her motion for reconsideration and in her briefing on appeal, Nowlin herself is a party to the lawsuit—specifically the party moving for modification—not simply the attorney for IC.

## I. DENIAL OF CHILD SUPPORT MODIFICATION

Nowlin requests that we reverse the trial court's denial of her petition for child support modification. We hold that the trial court did not abuse its discretion by denying her petition.

The superior court generally has broad discretion to modify child support when there has been a substantial change in circumstances. *In re Marriage of Goodell*, 130 Wn. App. 381, 388, 122 P.3d 929 (2005); RCW 26.09.170. We will not reverse the superior court's decision on modification absent a manifest abuse of discretion. *In re Marriage of McCausland*, 159 Wn.2d 607, 616, 152 P.3d 1013 (2007). The superior court "abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

In support of her petition, Nowlin relies on the 2019 school assessment finding that IC has an intellectual disability. But that finding does not necessitate a finding of a substantial change in circumstances such that the child support order must be modified. By Nowlin's own declaration, the record shows that the 2019 finding was consistent with IC's condition throughout most, if not all, of her life. The assessment determined that continued special education services for IC were appropriate. In her declaration, Nowlin noted that IC had received special education services at school since approximately the third grade, before the divorce and child support were finalized.

Accordingly, the trial court's decision that the 2019 assessment did not constitute a substantial change in circumstances was not manifestly unreasonable.[1]

Nowlin also contends that Chantreau's acknowledgment of the school report identifying IC as having an intellectual disability constituted a binding contract between IC and Chantreau. She is misguided. Even assuming that the "Ok to sign" notation on the report amounts to a signature, nothing in the report could reasonably be construed to constitute a contract for support. CP at 14. The report identified IC as having an intellectual disability and concluded that she qualified for continued special education services at the high school. At most, the record suggests that Chantreau was aware of and did not challenge the evaluator's assessment.

## II. ORDERS RELATED TO RECONSIDERATION

Nowlin also argues that the trial court erred by granting Chantreau's motion to strike Nowlin's motions on the basis of improper service and ordering Nowlin to pay Chantreau $1,000 in attorney fees. We disagree.

A. Motion to Strike

We review trial court rulings on motions to strike for an abuse of discretion. *Tortes v. King County*, 119 Wn. App. 1, 12, 84 P.3d 252 (2003). The trial court granted Chantreau's motion to strike Nowlin's motion for reconsideration, motion for default, and declaration of judicial notice based on failure to properly serve Chantreau. Service of motions is governed by CR 5(b)(1) which requires service upon the attorney of a party be made by

> delivering a copy to the party or the party's attorney or by mailing it to the party's or the party's attorney's last known address or, if no address is known, filing with

---

[1] Nowlin suggests that the trial court erred by denying her petition based on IC's failure to provide financial worksheets. We need not reach this issue because we affirm the trial court's denial of Nowlin's petition on the merits.

the clerk of the court an affidavit of attempt to serve. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the party's or the attorney's office with a clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

CR 5(b)(1). Chantreau's counsel declared that her office had never received Nowlin's filings, despite her certificate of service stating such. Chantreau also provided an e-mail exchange between counsel and Nowlin wherein Nowlin acknowledged that she knew of "no [service] requirement" regarding the "most recent documents." CP at 81. At the hearing, Nowlin argued to the court that Chantreau's counsel was misleading the court regarding service.

The trial court weighed the competing evidence of service and ultimately determined that Nowlin had not complied with CR 5. We defer to the fact finder on witness credibility and the persuasiveness of the evidence. *In re Marriage of Akon*, 160 Wn. App. 48, 57, 248 P.3d 94 (2011). Nowlin has not established any other basis for us to find an abuse of discretion. We hold that the trial court did not abuse its discretion by granting Chantreau's motion to strike.

B.     Attorney Fees & Sanctions

We apply a two-part standard when reviewing a trial court's award of attorney fees. *Falcon Props., LLC v. Bowfits 1308 LLC*, 16 Wn. App. 2d 1, 11, 478 P.3d 134 (2020). First, we review de novo whether there is a legal basis for the award of fees. *Id*. Second, we apply an abuse of discretion standard to the trial court's decision to award fees and its determination of the amount awardable. *Id*.

Although not cited directly, it is evident that the trial court awarded fees under CR 11, which permits the court to sanction a litigant for filing a pleading "not grounded in fact or law."

6

*In re Recall of Lindquist*, 172 Wn.2d 120, 136, 258 P.3d 9 (2011). Chantreau requested an award of attorney fees for having to respond to Nowlin's objection to Chantreau's counsel's notice of withdrawal. Chantreau contended that Nowlin objected in bad faith and without any basis in law or fact. The trial court agreed with Chantreau's argument, which we conclude was supported by the record. Accordingly, we hold there was a legal basis for awarding limited fees, and the trial court did not abuse its discretion by ordering Nowlin to pay attorney fees to Chantreau for having to respond to her baseless objection.

Nowlin also contends that the trial court should have awarded her CR 11 sanctions up to or including her requested amount of $75,000. Nothing in the record supports Nowlin's request for sanctions against Chantreau. Accordingly, the trial court did not abuse its discretion by denying her request.

Nowlin asserts she was entitled to attorney fees below, but she did not prevail and she did not submit any information to the trial court about need and ability to pay under RCW 26.09.140. Accordingly, we affirm the trial court's decision not to award Nowlin attorney fees for her own work.

Finally, Nowlin argues that the trial court proceedings were unfair to her. Upon diligent review of the record on appeal, we find no evidence of bias in the proceedings. The trial court appears to have judiciously reviewed and considered the numerous filings from Nowlin and the responsive pleadings from Chantreau prior to making its decisions. Likewise, we have diligently considered all of the arguments made in Nowlin's briefing to this court. We have also reviewed the entire record. Having considered those arguments in light of the entire record, we conclude the trial court did not err.

No. 59690-3-II

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

CRUSER, C.J.

PRICE, J.