# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>AVONNE NJERI WAWERU,<br><br>                Respondent,<br><br>and<br><br>PETER MUTHAMA IBONGIA,<br><br>                Appellant. | No. 59143-0-II<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—In 2019, when Avonne Waweru and Peter Ibongia dissolved their marriage, the trial court ordered Ibongia to pay Waweru $313 in monthly child support for their two children. This was a downward deviation from the standard calculation granted because the children resided with Ibongia three days per week.

Between 2019 and 2023, both parties' incomes rose dramatically. In 2023, Waweru requested an adjustment in child support because of both parties' increased incomes and increased cost of living. Ibongia argued to the court commissioner that he should again receive a deviation from the standard child support calculation because the children resided with him three days per week. The commissioner orally denied the request because the parties' combined income was significantly above the top of the child support schedule, and the commissioner set the transfer payment amount using the child support obligations at the high end of the child support schedule, rather than increasing the obligations based on higher incomes. As a result, the trial court was not inclined to otherwise provide for downward deviation.

However, Ibongia's request was not reflected in the commissioner's final written child support order, which incorrectly stated that neither party asked for a deviation from the standard child support calculation. Ibongia moved to revise the commissioner's order on the ground that he was entitled to a deviation. The superior court denied Ibongia's motion and adopted the commissioner's findings and conclusions without amendment.

Ibongia appeals the final child support order. He argues that the trial court abused its discretion when it denied his request for a deviation from the standard child support calculation and erroneously failed to enter written findings of fact supporting its denial. We affirm the denial of Ibongia's request for deviation from the standard calculation. And although it was error not to enter written findings of fact, we conclude this error was harmless because we can discern the facts and reasoning the commissioner relied upon from his oral ruling.

## FACTS

Waweru and Ibongia share two children, who resided with Waweru four days per week and with Ibongia three days per week at all times relevant to this appeal. In 2019, during the dissolution of the parties' marriage, a court ordered Ibongia to pay $313 per month in child support under an order that included a residential time deviation reducing his support obligation. Both parties' incomes rose significantly between 2019 and 2023, but child support remained the same for over three years.

In 2023, Waweru filed a child support review request with the Department of Social and Health Services, Division of Child Support, citing both parties' increased incomes. The Division then moved to adjust the child support order and proposed a child support schedule worksheet listing Ibongia's gross monthly income as $9,347 and Waweru's gross monthly income as $11,666.

The parties' combined net income was $16,178 per month. The child support schedule's maximum combined net income is $12,000. RCW 26.19.065(3).

Ibongia submitted a declaration asking the court to consider that he and his current spouse were both planning on enrolling in higher education so their incomes would decrease. His declaration did not mention residential time.

Ibongia then wrote a letter to the Division's counsel asking the Division to "include the time allocation deviation" because the children resided with him three days per week. Clerk's Papers (CP) at 151. The Division filed a copy of Ibongia's letter with the court. Ibongia provided no additional written argument to the court supporting his request for a deviation.

A commissioner heard argument on the Division's motion to adjust support. At the hearing, the Division noted that the prior order contained a deviation because the children resided with Ibongia three nights per week. Based on this residential time, Ibongia asked the commissioner to "maintain the deviations" from the prior order. Verbatim Rep. of Proc. (VRP) at 5. The commissioner noted that the parties' combined monthly incomes were now "over $4,000 above the top of the scheduled child support calculation," which the commissioner explained "stops at $12,000." VRP at 8; *see* RCW 26.19.065(3). The commissioner asked why he should deviate downward when the parties both had high and similar incomes. Ibongia responded only that he wanted credit for having the children spend three nights per week with him, and that his spouse had minimal income due to being in school. Upon further questioning from the commissioner, Ibongia acknowledged that his spouse was voluntarily in school. Ibongia submitted no evidence showing his increased expenses due to the residential schedule, and he never argued that he was

3

spending a specific amount per month to house and feed the children, nor did he ask for a specific deviation to offset his expenses.

The commissioner orally denied Ibongia's request for a deviation based on residential time, explaining that a deviation would be unfair given the parties' high incomes and the fact that the court was setting the child support obligations based on combined income of $12,000 a month, a figure much lower than their actual income. Then, the commissioner granted Ibongia's request for an incremental increase over six months to allow his household to adjust, in part because it had denied Ibongia's deviation request. The substantive effect of this ruling was to initially increase Ibongia's child support payment from $313 to $672 for six months, then to the full amount of $1,032 thereafter.

The commissioner entered a final written order reflecting its oral ruling setting Ibongia's final monthly child support payment at $1,032. The commissioner's order explained that the court declined to exceed the economic table, although the parents had a combined monthly income over $12,000, and instead set the final monthly child support payment at the presumptive upper limit from the statutory economic table. The commissioner's order also incorrectly stated that neither party requested a deviation.

Ibongia moved for revision of the commissioner's order, again seeking a deviation because the children "spen[t] significant time" with him. CP at 176. Ibongia attached a declaration explaining that the children resided with him three nights per week and that during that time, he "provide[d] for their basic needs and other incidentals." CP at 179. Ibongia did not seek remand to the commissioner for entry of additional evidence about his costs during the children's residential time with him, nor did he argue for a specific dollar amount to offset such expenses.

4

*See In re Marriage of Goodell*, 130 Wn. App. 381, 389, 122 P.3d 929 (2005) (In child support proceedings, "[i]t is error for the superior court to consider additional evidence on revision." Instead, the superior court "may remand the case to the commissioner to consider the additional information.").

Waweru responded that the final order already incorporated Ibongia's residential time by ordering the incremental increase. The Division took no position on the parenting time deviation but noted in its response that the request was raised and denied, yet the final order did not reflect that. The Division thus suggested that "[i]t may be appropriate to revise [the order] to reflect that Respondent requested a deviation." CP at 186. A superior court judge denied Ibongia's motion and did not revise the final child support order, adopting the commissioner's findings and conclusions.

Ibongia appeals.

ANALYSIS

CHILD SUPPORT

Ibongia argues that the trial court abused its discretion in denying his request for a deviation from the standard calculation and failing to enter written findings of fact supporting its denial. We conclude the trial court did not abuse its discretion when it denied Ibongia's request for deviation from the standard calculation. While the failure to enter written findings was error, it was harmless.

A.      Standard of Review

"Commissioners have the authority under article IV, section 23 of the Washington Constitution, to entertain, try, hear, and determine all actions not requiring a jury trial" including child support proceedings. *In re Marriage of Fallow*, 31 Wn. App. 2d 24, 37, 547 P.3d 914 (2024). All of

a commissioner's rulings are subject to revision by the superior court. RCW 2.24.050. Upon a timely motion for revision, "the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004).

"'When an appeal is taken from an order denying revision of a court commissioner's decision, we review the superior court's decision, not the commissioner's.'" *Fallow*, 31 Wn. App. 2d at 41 (quoting *In re Marriage of Williams*, 156 Wn. App. 22, 27, 232 P.3d 573 (2010)). However, a superior court order denying a motion to revise "constitutes an adoption of the commissioner's decision, and the court is not required to enter separate findings and conclusions." *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). Thus, a commissioner's findings and conclusions "become the orders and findings of the superior court" after an unsuccessful motion for revision. *Id.*

We review child support decisions under the abuse of discretion standard. *In re Marriage of Fiorito*, 112 Wn. App. 657, 663, 50 P.3d 298 (2002). The trial court's findings will not be disturbed on appeal if they are supported by substantial evidence. *In re Marriage of Bundy*, 12 Wn. App. 2d 933, 937-38, 460 P.3d 1111 (2020). "It is within the trial court's discretion to grant or deny a deviation and, generally, trial courts are not reversed on such decisions." *Goodell*, 130 Wn. App. at 391.

Here, Ibongia primarily seeks review of the ruling denying his request for a deviation from the standard child support worksheet. Because the superior court adopted the commissioner's findings and conclusions, we examine those findings for substantial evidence and review the final child support order for abuse of discretion. *Fiorito*, 112 Wn. App. at 663; *Maldonado*, 197 Wn. App. at 789. We will not substitute our judgment for that of the trial court "where the record shows that the

trial court considered all relevant factors and the award is not unreasonable under the circumstances." *Fiorito*, 112 Wn. App. at 664.

B.      Denying Ibongia's Request for Deviation Was Not an Abuse of Discretion

Ibongia challenges the final order imposing a $1,032 monthly child support payment, in line with the standard calculation for a combined net income of $12,000, on the ground that he was denied his "right to a deviation" and that the court failed to consider his request for a residential time deviation. Br. of Appellant at 2. We disagree with Ibongia and affirm the final child support order.

When setting child support, the court must base the basic child support obligation on the statutory economic table. *In re Marriage of McCausland*, 159 Wn.2d 607, 611, 152 P.3d 1013 (2007); RCW 26.19.011(1), .020. The economic table allocates the child support obligation between the parents based on their share of the combined monthly income. RCW 26.19.080(1). The economic table is presumptive for combined monthly net incomes of up to $12,000. RCW 26.19.065(3). Above that threshold, trial courts have discretion to "exceed the presumptive amount." *Id.* Courts also have discretion to deviate from the standard calculation based on certain other factors, including the residential schedule. *See* RCW 26.19.075(1)(d).

Ibongia's argument for reversal is tied to his incorrect belief that he had a "right to a deviation" under RCW 26.19.075 because the children resided with him for three days per week. Br. of Appellant at 2. It is true that RCW 26.19.075(1)(d) authorizes deviation from the standard calculation based on the residential schedule, and the parties agree that the children resided with Ibongia for three nights per week. However, this court has explained that "[a] deviation from the standard support amount is an exception and should only be used where it would be inequitable

7

not to do so." *Goodell*, 130 Wn. App. at 391; *see also State ex rel. M.M.G. v. Graham*, 159 Wn.2d 623, 636, 152 P.3d 1005 (2007) (declining to impose strict requirement to deviate from standard calculation where parents shared residential time because the statute affords trial courts discretion to do so). Ibongia has not provided any case law or other authority supporting his position that he was entitled to a deviation simply due to the children's residential schedule. *See* RAP 10.3(a)(6). Nor did he present any argument on this matter below, either to the commissioner or to the superior court considering his motion for revision, beyond simply stating that the children reside with him three days per week and requesting the deviation.

Additionally, to the extent Ibongia raises the policy argument that courts *should not* have discretion to decide child support obligations, he did not raise this position below and does not support his position with any argument. *See* RAP 2.5(a); RAP 10.3(a)(6). Because Ibongia's argument is tied to his incorrect view that he was entitled to a deviation simply due to residential time, Ibongia has not shown that the trial court abused its discretion. Thus, we reject Ibongia's challenge to the trial court's denial of his deviation request.

Moreover, under the child support statute, "[w]hen reasons exist for deviation, the court shall exercise discretion in considering the extent to which the factors would affect the support obligation." RCW 26.19.075(4). And here, Ibongia and Waweru had a shared income that significantly exceeded the $12,000 threshold for the presumptive child support schedule, which afforded the trial court another statutory basis to *exceed* the standard schedule and to *increase* Ibongia's obligation under RCW 26.19.065(3). Indeed, the commissioner explained this threshold to Ibongia and asked for a justification warranting the downward deviation notwithstanding the trial court was applying the child support obligation for a much lower combined income than the parties had, and Ibongia could

not provide one. And our supreme court held in *Graham*, that the standard calculation applies even where parents share equal residential time. 159 Wn.2d at 636-37. Here, as in *Graham*, the trial court was tasked with setting child support for a relatively high income family where the children spent residential time with both parents. *Id.* at 628-29. And in *Graham*, our supreme court rejected rigid, formulaic child support determinations, explaining instead that the court must exercise its discretion to set child support "based on the child's or children's needs, and commensurate with the parents' income, resources, and standard of living." *Id.* at 637.

Finally, to the extent he acknowledges the trial court's discretion, Ibongia also asserts that the court abused its discretion because it was unwilling to consider his argument for a deviation. We note that the record shows that the court commissioner considered Ibongia's request for deviation and asked him several questions about why a deviation would be justified given the parties' high incomes. Ibongia repeated that the children lived with him three days per week but did not respond to the court's questions aside from stating that he and his spouse were in school, albeit voluntarily. The commissioner concluded that a downward deviation would not be fair because the child support schedule does not reflect the amount of combined income that exceeded $12,000, but allowed for an incremental increase to mitigate the impact on Ibongia. Thus, the record shows the court commissioner here thoroughly considered the argument presented and understood its discretion to grant or deny a deviation based on the evidence presented on the relevant factors.

Ibongia has not shown that the superior court abused its discretion in denying his motion for revision of the commissioner's order based on the evidence and argument presented to the

commissioner. We hold that it was reasonable for the trial court here to conclude that a downward deviation was unwarranted. Therefore, we affirm the challenged child support obligation.

C.      Lack of Written Findings and Conclusions

Ibongia also argues that we should reverse because the trial court failed to enter written findings of fact supporting its denial of his deviation request. We agree that it was error not to enter written findings of fact, but we conclude this error was harmless because we can discern the facts and reasoning the commissioner relied upon from his oral ruling.

In an apparent scrivener's error, the commissioner's written findings incorrectly state that neither party requested a deviation. The commissioner also failed to enter written findings supporting his denial of the requested downward deviation from the child support schedule. *See* RCW 26.19.035(2) (final child support order must include "reasons for denial of a party's request for deviation from the standard calculation"). "The lack of specific findings of fact is not fatal, however. In the absence of a written finding on a particular issue, an appellate court may look to the oral opinion to determine the basis for the trial court's resolution of the issue." *In re Marriage of Booth*, 114 Wn.2d 772, 777, 791 P.2d 519 (1990); *see also In re Marriage of Wilson*, 165 Wn. App. 333, 341, 267 P.3d 485 (2011) (failure to attach required worksheet was harmless error where the court's oral ruling explained its calculation).

Here, any failure to enter written findings is harmless. Even though the commissioner failed to enter written findings documenting the reasons for his denial of Ibongia's request for deviation, and the superior court failed to correct this error in its review of the commissioner's ruling, on these facts, the commissioner's oral ruling was sufficient to review the issue and therefore any error in failing to enter the required written findings does not warrant reversal. Ibongia did not

No. 59143-0-II

provide any evidence or argument to the commissioner *or* to the superior court showing his expenses that he wanted to be offset by a deviation. Indeed, even if he presented such evidence to the superior court, it would have been too late. *See Goodell*, 130 Wn. App. at 389. Ibongia argued below, as he did in this appeal, that he was entitled to a deviation simply due to the residential schedule, so his entire position rested on an incorrect understanding of the law. Under these circumstances there is no benefit to remanding for entry of findings of fact.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

VELJACIC, A.C.J.

CHE, J.